## In re PARAMOUNT PUBLIX CORPORATION.

## BOEHM v. PARAMOUNT PICTURES, Inc.
### No. 394.

Circuit Court of Appeals, Second Circuit. Sept. 16, 1936.

Louis Boehm, of New York City, pro se (Louis Boehm and Gabriel Rubino, both of New York City, of counsel), for appellant.

Simpson, Thacher & Bartlett, of New York City (Thomas D. Thacher and Richard Jones, 3d, both of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order denying the petition of Louis Boehm for an allowance for legal services rendered in connection with his representation of three stockholders of Paramount Publix Corporation who held an aggregate of 750 shares of its common stock. These services consisted of an attempt to vacate an adjudication in bankruptcy so as to permit reorganization in the prior equity receivership and to obtain a different choice of receivers therein. After the proceeding under section 77B, 11 U.S.C.A. § 207, was instituted, the services consisted of a study of the debtor's affairs and an examination and criticism of the plan proposed.

A committee was formed representing holders of common stock of the debtor which finally acted for a very large interest. We can see nothing which will justify an allowance to the petitioner upon the theory that his presence was necessary to procure an adequate representation of stock interests. All the reasoning in our opinion filed herewith upon the application of Archibald Palmer (In re Paramount Publix Corp.), 85 F.(2d) 588, for an allowance, applies here. There is no substantial difference between the facts involved in the two appeals, except that the services of Mr. Palmer did not begin until after the institution of the proceeding under section 77B; whereas, those of Boehm extended into both the equity receivership and the bankruptcy proceeding which preceded it.

It is argued, as it was upon the Palmer application, that the committee for stockholders did not afford adequate representation for Boehm's client, because its membership was suggested by Kuhn Loeb & Co., who had an adverse interest. But we can see no ground for supposing that the committee did not perform its work faithfully and well. It certainly represented a large percentage of the stockholders. We are in no position to say that the District Court did not exercise a wise judgment in denying compensation to the petitioner out of the general estate and are fully satisfied that any such payment would involve a duplication.

Upon the grounds stated in the Palmer appeal, the order is affirmed.