## In re PARAMOUNT PUBLIX CORPORATION.

## LESSER v. PARAMOUNT PICTURES, Inc.
### No. 429.

Circuit Court of Appeals, Second Circuit.
Sept. 16, 1936.

Jacob J. Lesser, of New York City, pro se (Jacob J. Lesser and Israel Belfer, both of New York City, of counsel), for appellant.

Simpson, Thacher & Bartlett, of New York City (Thomas D. Thacher and Richard Jones, 3d, both of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order denying the petition of Jacob J. Lesser for an allowance for legal services rendered in connection with his representation of stockholders of Paramount Publix Corporation who held an aggregate of 4200 shares of its common stock. They were rendered in connection with the proceeding and plan of reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207), and consisted of a study of the law and facts and a statement covering about ten typewritten pages analyzing the positions and interests of the various factions, containing criticisms and suggestions in connection with the proposed plan. Perhaps the principal suggestion was one which was also made on behalf of other stockholders that the new money which they furnished should be given a security superior or at least equal to that of the creditors. This criticism did not prevail. The appellant also lays stress upon the fact that he attended repeated hearings as to the plan, argued before the court, and with the approval of the judge examined the authorities under the English Companies Act and made a memorandum of law with the result that the court was able to limit protracted examinations which one of the attorneys was apparently seeking to conduct under subpœnæ duces tecum.

It is contended, as in the case of other appellants whose appeals for compensation were denied, that there was such need of separate representation on behalf of stockholders as to justify compensation to appellant out of the general estate. For the reasons we have elaborated in our opinion on the appeal of Archibald Palmer (In re Paramount Publix Corp.), 85 F.(2d) 588, filed herewith, we think that such necessity for separate representation was not established. The contention that the stockholders' committee represented by Mr. Cook was so under the domination of the bankers that it could not exercise the individual judgment required in the interest of stockholders was not, in our opinion, established, nor did Mr. Lesser during the period of his activities inform the court that he was attempting to represent a general class or proposing to seek compensation from the estate. Certainly in the case of an individual intervener such information should be given where a committee representing a large interest is actively engaged. Anything else would be likely to result in interminable applications for compensation.

In relation to the examination of witnesses under subpœnæ duces tecum, while we can have no doubt that the memorandum of law furnished was useful, we can hardly suppose that it was furnished under any understanding on the part of the court that appellant was acting for the estate or for the judge and was going to be paid out of the fund.

Order affirmed.