## In re PARAMOUNT PUBLIX CORPORATION.

### SCHAMFARBER et al. v. PARAMOUNT PICTURES, Inc.

### No. 441.

Circuit Court of Appeals, Second Circuit.

Sept. 16, 1936.

Adolph Feldblum, of New York City, for appellants.

Simpson, Thacher & Bartlett, of New York City (Thomas D. Thacher and Richard Jones, 3d, both of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order denying the petition of A. J. Schanfarber, Abram M. Frumberg, Edgar J. Schoen, and Samuel Zirn for an allowance for legal services rendered in connection with an action brought by them in the Supreme Court of New York on behalf of one Levy, holder of $5,000 of debentures of Paramount Publix Corporation against that company, Film Production Corporation, its wholly owned subsidiary, certain bank creditors of Paramount, and others. The suit was on behalf of Levy and all other debenture holders similarly situated and is said to

have resulted in the relinquishment by the bank creditors of Paramount of a large amount of securities as a result of which they became general instead of secured creditors. The allowance asked was $75,000.

The Levy suit was brought prior to the date of the equity receivership of Paramount, its adjudication in bankruptcy, and the institution of the present proceeding for a reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). It sought to set aside an alleged preferential agreement between Paramount and its bank creditors made at a time when it was said to have been insolvent, and on February 3, 1933, the appellants, or some of them, obtained from the state court an injunction restraining the defendants pendente lite from disposing of the pledged assets stated to have amounted to some $10,000,000. The alleged fraudulent transfer was to the subsidiary Film Production Corporation. Paramount transferred certain films and rentals thereof to that subsidiary, and it in turn gave its notes therefor to Paramount, who turned them over to the banks. The various defendants had the suit of Levy dismissed by the state court on the ground that he was not a judgment creditor and because the trustee under the trust indenture for the bondholders was alone vested with the right to attack the transfer on their behalf.

The petitioners base their claim to an allowance upon the sole ground that their injunction, though improvidently issued, was a step in preventing the dissipation of the transferred assets until the trustees for Paramount settled a suit which they later brought to set aside the transfer to Film Production Corporation. They clearly have established no right to an allowance. Their suit failed and the injunction was improvident. Not only had the court, as was finally decided, no right to entertain it, but it was needless because it was not shown that the banks were not fully responsible for any claim the debenture holders might have against them. Moreover, they had no lien on the property transferred and could only reach it by reducing their notes to judgment and issuing an execution. Consequently they never were in the position of transferees or preferred creditors. In our opinion the Levy suit was based on no tenable theory and the application for an allowance was properly denied.

Order affirmed.