**In re CONDOR PICTURES, Inc.**
No. 31013-C.

District Court, S. D. California, Central
Division.

July 1, 1939.

Rehearing Denied Oct. 2, 1939.

See, also, 110 F.2d 317.

Newby & Newby, of Los Angeles, Cal.,
for the trustee.

Carpenter, Babson & Fendler, of Los An-
geles, Cal., former attorneys for debtor.

Swarts & Tannenbaum, of Los Angeles,
Cal., for debtor.

Harold A. Fendler, of Los Angeles, Cal.,
for certain creditors.

Paul J. Ziegler, of Los Angeles, Cal., for
certain creditors.

Walter C. Durst, of Los Angeles, Cal.,
for petitioning creditors in involuntary 77B
proceedings.

Percy M. Bokofsky and David I. Lippert,
both of Los Angeles, Cal., for certain stock-
holders.

Grainger & Hunt, of Los Angeles, Cal.,
Harry J. Allen, of Milwaukee, Wis., and
Warmke & DiMaria, of San Jose, Cal., for
two stockholders' protective committees.

Norman M. Newmark, of Los Angeles,
Cal., for Consolidated Film Industries.

COSGRAVE, District Judge.

This proceeding began with the filing
of an involuntary petition against the

debtor by petitioning creditors represented by Paul J. Ziegler, on November 23, 1937. Clinton E. Miller was appointed receiver in the matter four days thereafter. On December 2, 1937, thereafter certain creditors represented by Walter C. Durst filed an involuntary petition under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. On the same day an answer was filed by the corporation consenting to reorganization, and Clinton E. Miller, the acting receiver under the involuntary petition, was made trustee under the 77B proceeding. Mr. Miller was later made permanent trustee. On December 31 the formation of an unsecured creditors' committee was approved by the Court, and Felix M. Cunningham designated as its counsel. Thereafter extended proceedings were had for the settlement of the business of the corporation, being principally the adjustment of claims, carried on mainly, if not exclusively, by the Trustee on the one hand and the adverse party, whoever it might be, on the other.

The affairs of the debtor corporation were found in great confusion, its property scattered, its books and records unavailable, substantially all of its property already pledged with no money on hand. Exorbitant claims were presented. The Trustee addressed himself to his task with consummate zeal, industry, intelligence, and wholesome economy. Unfounded claims were rejected, favorable compromises reached in meritorious ones, and unwise litigation avoided, with the result that a total of more than $260,000 has been paid for the benefit of the Trusteeship, substantially all of the secured claims, which amount to about $175,000, have been paid, and a very substantial amount left for the payment of the unsecured claims.

It was apparent from the beginning that the corporation was insolvent, and it was highly improbable that anything would be left for the stockholders. Reorganization proceedings were had but they were such in name only. Liquidation in fact has resulted. Aside from fixing the amount of allowable claims, the only question of material importance presented was the relative standing of the unsecured creditors as compared with the claims of stockholders against the corporation based on fraudulent representations in the sale of stock. The assets of the corporation have been reduced to money insofar as that was possible, the secured claims paid, the balance made available for general creditors first, then to the defrauded stockholders in the form of preferred stock in a new corporation.

■■■ The attorneys for the petitioning creditors in the involuntary proceedings have heretofore been paid a fee of $500, a like fee allowed for the attorney of the debtor corporation in that proceeding, and a fee of something less allowed to the receiver, and also to the counsel for the receiver. This appears to be ample for the amount of work and time involved, the proceedings being purely formal. Conceivably, a fee is allowable to counsel representing the bankrupt corporation, but since the insolvency of the company was not in question at any time, such fees can be little more than nominal in amount, for it must be borne in mind that it was the duty of the Trustee and his counsel to settle all claims against the corporation and participation in any such proceedings by counsel for creditors of the corporation itself was of necessity entirely voluntary. Counsel for the stockholders' protective committee presented claims against the corporation based on fraudulent sales of the stock; these were opposed by the creditors' committee. It is difficult to understand how the counsel for claimants in such position can seek attorneys' fees from the trust fund. The stockholders' committee did however participate in the so-called reorganization proceeding, and its counsel may possibly be entitled to some fee in this regard. Counsel for the unsecured creditors bore the burden of the reorganization work and therefore may properly be compensated.

■■■ Counsel for individual creditors urged before the Special Master that they participated in the reorganization proceedings, and their services were of benefit in that regard. That is doubtless true. Their services, however, were of a purely voluntary character. After the organization of an unsecured creditors' committee and its representation by counsel, participation on behalf of individual creditors is often undesirable and in the absence of unusual circumstances compensation therefor cannot be allowed.

■■■ The Trustee, to whose fidelity and vigilance the creditable result of this proceeding is due, together with his counsel whose services have been no less meritorious, and the counsel for the creditors' com-

mittee, should be fairly compensated. Partial allowances have heretofore been made. The final adjustment, however, should await the completion of the entire plan of reorganization, and the settlement of a few minor unadjusted matters, and the turning over of the property to the new entity.

The exceptions heretofore filed by the Receiver to the report of the Special Master are allowed. Attorneys fees shall be allowed as follows:

Carpenter, Babson & Fendler, former attorneys for debtor, services prior to April 15, 1938 $ 500.00
Harold A. Fendler, attorney for certain creditors, services since October 1, 1938.............. Nothing
Swarts & Tannenbaum, present attorneys for the debtor....... $1500.00
Paul J. Ziegler, attorney for certain creditors (Involuntary bankruptcy proceedings)...... Nothing
Walter C. Durst, attorney for petitioning creditors in involuntary 77B proceedings......... $ 500.00
Percy M. Bokofsky and David I. Lippert, attorneys for certain stockholders ................ Nothing
Stockholders' Protective Committee, consisting of Don Haskel, Edward Anderson and Calvin Chapman .................. Nothing
Stockholders' Protective Committee, consisting of Lester E. Wogahn and John J. Roche....... Nothing
Grainger & Hunt and Harry J. Allen, and Grainger & Hunt and Warmke & DiMaria, attorneys for two stockholders' protective committees............ $ 750.00
Paul J. Ziegler, payment on account, attorney for creditors, heretofore paid by Court...... $ 500.00
Carpenter, Babson & Fendler, attorneys for debtor, heretofore paid ...................... $ 500.00

In all other respects the report of the Special Master is confirmed. The attorney for the Trustee will prepare a formal order embodying the views herein expressed.

On Petition for Rehearing.

The petition of Harold A. Fendler for rehearing of order dated July 1, 1939, entitled "Memorandum of Order on Exceptions to Report of Special Master", said petition for rehearing having been filed herein on August 9, 1939, the petition for rehearing of Carpenter, Babson and Fendler of the same order filed herein on the same date, the petition of Paul J. Ziegler for rehearing of the said order, the same having been filed herein on August 9, 1939, together with motion of certain petitioning creditors for order vacating allowances for attorneys' fees made to Newby and Newby in the sum of $2000 on April 3, 1939, to Clinton E. Miller in the sum of $2000 on April 3, 1939, to Newby and Newby for $3000 made on July 7, 1939, to Clinton E. Miller for $2000 made on July 7, 1939, and to Felix Cunningham for $2000 made on July 7, 1939, having been submitted to the Court for decision and the Court having heretofore and on July 1, 1939 stated at length his views with respect to the matters therein involved, the said several petitions for rehearing and motion are all and each of them is denied.