## In re NATIONAL RADIATOR CO.
### No. 20155.

District Court, W. D. Pennsylvania.
Aug. 18, 1939.

J. Garfield Houston, of Pittsburgh, Pa., for Debenture Holders' Committee.

Kountz & Fry, of Pittsburgh, Pa., for Merchandise & Traders Creditors Committee.

Morton Burden, Jr., and Wm. H. Parmelee, both of Pittsburgh, Pa., for Stebbins, Blenko & Parmalee.

Chadbourne, Wallace, Parke & Whiteside, of New York City, E. B. Strassburger (of Strassburger & McKenna), of Pittsburgh, Pa., for Manufacturers Trust Co.

Friedjoff D. Tappert, of Johnstown, Pa., for debtor and trustee.

SCHOONMAKER, District Judge.

Applications for allowances for compensation for services rendered in this case by Trustees, Attorneys, and Committees as well as their application for reimbursement of expenses incurred were all referred to Watson B. Adair, as Special Master, for consideration and report.

The Special Master has filed his report and the Court now has his report for consideration along with the exceptions thereto filed by Kountz & Fry, attorneys representing the Merchandise and Trade Creditors, to the amount allowed them for their services in this case, i. e., $3,000, when they were claiming $5,000 for their services; and also the exceptions by Manufacturers Trust Company, as Indenture Trustee, and their attorneys, Chadbourne, Wallace, Parke and Whiteside, and Strassburger & McKenna, to the amounts allowed them as compensation for their services and reimbursement for their expenses. The Manufacturers Trust Company claimed compensation in the sum of $2,500 and reimbursement of expenses to the amount of $38.07. The Special Master recommended the allowance of $750 for compensation and $38.03 for reimbursement of expenses. Chadbourne, Wallace, Parke & Whiteside and Strassburger & McKenna claimed compensation in the sum of $10,000 and reimbursements of expenses of $296.51. The Special Master recommended the allowance of $1,750 as compensation and $86.88 as reimbursement to Chadbourne, Wallace, Parke & Whiteside for expenses, and $13.77 as reimbursement to Strassburger & McKenna for expenses.

The $3,000 allowed Kountz & Fry was found by the Special Master to be reasonable compensation for their services

in connection with the plan of reorganization, but he excluded them from any compensation for their services in seeking to obtain a preferential classification of merchandise and trade creditors. Kountz & Fry were unsuccessful in their efforts to secure a preferential standing for their clients. Those services were not beneficial at all to the estate and were rendered solely in the interest of their clients. If they are to be paid for services, payment should be made by their clients and not by the reorganized debtor. We therefore sustain the Special Master as to these services.

■ The Special Master also refused to approve compensation to these attorneys in connection with the administration of the estate, on the theory that those services did not contribute to the plan adopted. In our view, these services are compensable under Section 242 of the Chandler Act, 11 U.S.C.A. § 642. The petition for reorganization was filed under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, but this case came under the Amendments to that act after its adoption. Section 242 directly authorizes compensation for services of committees and their counsel in connection with "the administration of an estate". The Special Master found that Kountz & Fry rendered "services in considering and acquiescing in or actively supporting proposals of the trustee in respect to the administration of the estate, and in advising creditors with respect to such proposals, and with respect to extending credit to the trustee." These the Master held to be not compensable because no benefit was shown to the estate. In this conclusion we disagree with the Master. In our view these services were beneficial to the estate in the furtherance of the conduct of the business of Debtor by the trustees and preserving the estate until a proper plan of reorganization could be adopted and put into effect. Such services could properly be held a contribution to the adoption of a plan of reorganization. This view is supported by District Court of Indiana, In re Wayne Pump Co., 9 F.Supp.

940, 27 A.B.R. N.S. 357, and by the Circuit Court of Appeals of this Circuit in Steere v. Baldwin Locomotive Works, 3 Cir., 98 F.2d 889.

■ The exception of Kountz & Fry to the report of the Special Master is sustained and we will fix their compensation at $4,000 which we find will be a reasonable compensation for their services. As to the exceptions filed by the Manufacturers Trust Company and their counsel, Chadbourne, Wallace, Parke & Whiteside and Strassburger & McKenna, these exceptants contend that the allowances made to them were inadequate and that no allowances were made to them for services in relation to the administration of the estate. We agree that the Manufacturers Trust Company is entitled to compensation both for service in connection with the administration of the estate and formulation of the plan of reorganization; but we cannot agree that the $2,500 they claim would be a fair and reasonable compensation therefor.

■ In our opinion, $1,000 would be a fair and reasonable compensation for their services, and we fix their compensation at that amount.

■ As to the counsel who represented the Manufacturers Trust Company, we have the same view. They are entitled to compensation, but they are claiming too much. In our opinion, $2,500 would be a fair and reasonable compensation for their services.

■ As to the reimbursement claim of $262.74 made by Chadbourne, Wallace, Parke & Whiteside, of which the Special Master allowed $86.88, we are of the opinion that the Special Master correctly ruled with reference to the items excluded. Ordinary office expenses, stenographic services, traveling expenses of attorneys from outside this district, we do not consider proper items of reimbursement.

We further conclude, after an examination of the Special Master's report as to the other compensation allowances and reimbursement of expenses recommended, that they are fair and reasonable.