**In re CRAIGIE ARMS, Inc.**

No. 66126.

District Court, D. Massachusetts.

Oct. 22, 1943.

C. Keefe Hurley, of Boston, Mass., trustee.

Richard Maguire, of Boston, Mass., for trustee.

William D. Stone, of Boston, Mass., for debtor.

Lyne, Woodworth & Evarts, of Boston, Mass., for Metropolitan Life Ins. Co.

Joseph Abrams, of Boston, Mass., for Stephen Realty Co.

FORD, District Judge.

A plan of reorganization has been confirmed in this case (June 15, 1943) and the matter now before this court is the disposition of petitions for allowance of compensation for services and reimbursement of expenses filed by (1) the trustee; (2) counsel for the trustee; (3) counsel for the debtor; (4) Metropolitan Life Insurance Company, a mutual insurance company, (hereinafter called "Insurance Company") holder of a first mortgage on the debtor's land and buildings; and (5) Stephen Realty Company, Inc., (hereinafter called "Realty Company"), holder of a second mortgage on the same.

The questions to be decided here are: (1) Has this court authority under Sections 242 and 243 of the Bankruptcy Act of 1938, 11 U.S.C.A. §§ 642, 643, to allow compensation to the Insurance Company and Realty Company, individual creditors, for services and reimbursement for expenses, and (2) if it has authority should the court exercise it here in their favor?

There has grown up in this court as a result of a decision made by Judge Brewster, in the Clinton Distilleries Corporation reorganization, dated April 7, 1936 and not reported—a case arising under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207—a belief that under the provisions of Section 77B(c) (9) the court was without authority "to award reasonable compensation to attorneys who represent a single creditor, as distinguished from a group of creditors or a committee, or depositaries, representing a group of creditors." However, in fairness to Judge Brewster, it must be stated that he reached this conclusion "not without mental reservation" as to its correctness. That Judge Brewster's doubt in construing Section 77B (c) (9) was well founded has been borne out by subsequent decisions of the courts throughout the country.

In Re Consolidated Motor Parts, Inc., 2 Cir., 85 F.2d 579, where a petitioning attorney represented only a small number of creditors whose claims amounted to only 1/20 of the total indebtedness, the court allowed compensation on the ground "he assisted in bringing about the plan finally adopted." 85 F.2d at page 581. In Teasdale v. Sefton Nat. Fibre Can Co., 8 Cir., 85 F.2d 379, 107 A.L.R. 531, where petitioning attorney represented only one client owning 1/3 of the preferred and 1/2 of the common stock, the court, although disallowing compensation on other grounds, stated (85 F.2d at page 382) : "It is reasonable to presume that Congress was concerned primarily in giving the court authority to make allowance for the services of the representatives of groups, rather than the representatives of individuals. However, we do not desire to be understood that under no circumstances should a representative of an individual stockholder or creditor be allowed compensation under the act for services which were beneficial to the estate. Each situation must be determined on its own facts and circumstances." In this circuit in the case of National City Bank of New York v. Saldana Crosas Realty Corp., 1 Cir., 86 F.2d 923, the court allowed compensation to the attorneys of a secured creditor, at the same time stating the district court was in error in assuming there was a general rule disallowing compensation to attorneys for single creditors. See also In re Paramount-Publix Corp.,

D.C., 12 F.Supp. 823, 827; and In re 2747 Milwaukee Ave. Bldg. Corp., D.C., 12 F. Supp. 557, 563, where an allowance was made to attorneys for an individual non-depositing bondholder. Cf. West v. Fradenburg et als., 8 Cir., 86 F.2d 318, 320.

In the cases of Boehm v. Paramount Pictures, Inc., 2 Cir., 85 F.2d 592, Palmer v. Paramount Pictures, Inc., 2 Cir., 85 F.2d 588, Lesser v. Paramount Pictures, Inc., 2 Cir., 85 F.2d 595, and Schamfarber et al. v. Paramount Pictures, Inc., 2 Cir., 85 F.2d 597, where compensation from the funds of the estate was disallowed to attorneys representing small numerical or financial fractions of the total number of creditors or of the total indebtedness, the denials were based upon duplication of services, lack of benefit to the estate, or failure to inform the court beforehand that compensation was to be sought.

■ In the light of these decisions there is hardly a doubt that Section 77B(c) (9), 11 U.S.C.A. § 207(c) (9), authorizing compensation for services rendered and reimbursement for expenses incurred by "parties in interest * * * or other representatives of creditors or stockholders" does not deny compensation and reimbursement to an attorney for a single creditor.

On the other hand, in all cases construing Section 77B(c) (9), it has been held that compensation should be allowed out of the debtor's estate only for substantial services rendered in aid of the plan or closely beneficial to the estate and that the act lodged a wide discretion in the court in fixing allowances and compensation. Silver v. Scullin Steel Co., 8 Cir., 98 F.2d 503, 505, and numerous cases cited; and In re Ulen & Co., 2 Cir., 130 F.2d 303.

The Bankruptcy Act of 1938, Sections 242 and 243, sought to clarify and broaden the language of Section 77B(c) (9) by enumerating the classes entitled to compensation and reimbursement. It is clear from the language used in Section 242(2) "any other parties in interest"—the same as in Section 77B(c) (9)—and the construction put upon those words by the courts in construing Section 77B(c) (9) together with the express language in Section 243: "The judge may allow reasonable compensation for services * * * by creditors and stockholders, and the attorneys for any of them, * * *" that an attorney for an individual creditor may be entitled to compensation and remuneration.

However, whether the application for compensation is one by an attorney for a party in interest under Section 242 or by an attorney for a creditor under Section 243, the administrative services must benefit the estate if the compensation is to be allowed in the light of the language of Section 243. Cf. In re Postal Telegraph & Cable Corp., 2 Cir., 119 F.2d 861. Section 243 expressly instructs the court that: "In fixing *any* such allowances, the judge shall give consideration only to the services which contributed to the plan confirmed or to the refusal of confirmation of a plan, or which were beneficial in the administration of the estate, and to the proper costs and expenses * * *". (Italics mine.) The Supreme Court has indicated that this provision in Section 243 applies to all fee claimants (Dickinson Industrial Site v. Cowan, 309 U.S. 382, 60 S.Ct. 595, 84 L. Ed. 819), and that an "Allowance or disallowance involves an exercise of sound discretion by the court based on that statutory standard." Id., 309 U.S. at page 389, 60 S.Ct. at page 599, 84 L.Ed. 819.

The result reached by the courts in construing Section 77B(c) (9) and Section 243 of the 1938 Act that services for which compensation should be granted must be of a character beneficial to the estate of the debtor is in accord with general equitable considerations. The courts have long recognized that the Bankruptcy Act is meant to be an act for the relief of debtors; accordingly they have insisted on a minimum of expense in the administration of estates.

■■ This brings us to the facts with respect to the services alleged to have been rendered by the attorneys for the Insurance Company and the Realty Company. Beyond peradventure of doubt these creditors rendered no services that benefited the estate. The claim of the Insurance Company on its first mortgage was not disputed by the trustee. Counsel for this creditor spent the greater part of his time in securing the interest due on the mortgage during the reorganization proceedings. The claim of the Realty Company was contested and finally compromised after extended hearings. Whatever work these creditors performed through their attorneys inured only to the benefit of their clients. These creditors saved nothing for the estate; they saved it for themselves. The claim of the Insurance Company that it attended hearings on the proposed confirmation of the plan embraces no right to compensation.

Palmer v. Paramount Pictures, Inc., supra, 2 Cir., 85 F.2d at page 591; Teasdale v. Sefton Nat. Fibre Can Co., supra, 8 Cir., 85 F.2d at page 383.

The conclusion reached that neither the Insurance Company nor the Realty Company are entitled to compensation makes it unnecessary to deal with the palpable lack of compliance with Sections 62(d) and 249 of the Bankruptcy Act, 11 U.S.C.A. §§ 102 (d), 649, and Local Rule 17 on the part of the Realty Company in presenting its petition.

The petition of the trustee for compensation for services is allowed in the amount of $18,000 with $278.07 for expenses; petition of counsel for trustee is allowed in the amount of $2,500; and petition of counsel for debtor corporation is allowed in the amount of $500. The petitions of the Metropolitan Life Insurance Company and Stephen Realty Company, Inc., are disallowed.