In re VERNAN MFG. CO.
No. 21677.

United States District Court
W. D. Pennsylvania.
Sept. 28, 1950.

Leonard Sobol, Johnstown, Pa., for trustees.

Seymour S. Silverstone, Johnstown, Pa., for debtor.

862

Kountz, Fry, Staley & Meyer, Pittsburgh, Pa., and Graham, Yost, Meyers & Graham, Johnstown, Pa., for Merchandise Creditors.

Squire, Sanders & Dempsey, Cleveland, Ohio, for Adelbert E. Bronson.

GOURLEY, District Judge.

The present matter relates to divers claims for services rendered in a reorganization proceeding. The Debtor corporation was permitted to pursue its business for approximately ten months. The efforts extended were to no avail and it was directed that the assets of Debtor be liquidated. The funds which remain in the hands of the Trustees were realized from said liquidation.

■ The original proceeding was filed under Section 128 of Chapter X of the Act of Congress relating to Bankruptcy. 11 U.S.C.A. § 528. No p.. · or plans of reorganization were recommended to the Court. The further conduct of the proceedings must be directed pursuant to Article 12 of Chapter X, Sections 236–238 of the Act of Congress relating to Bankruptcy. 11 U.S.C.A. §§ 636–638.

Since the reorganization proceeding must be dismissed and the Debtor corporation adjudicated a bankrupt, it becomes necessary for the Court to consider the reasonable allowances to be granted for services rendered by any proper party during the effectiveness of the reorganization proceeding. Chapter X, Article 13, Sections 241–243 of the Act of Congress relating to Bankruptcy. 11 U.S.C.A. §§ 641–643.

(a) Claim of Charles G. Hasson, Trustee.

Claim has been filed for the amount of $4,000.00, $1,050.00 having previously been paid on account, making a net claim of $2,950.00 and unpaid expenses of $248.48. $2,250.00 will be approved as an additional allowance together with reimbursement of unpaid expenses in the amount of $248.48.

(b) Claim of Pat B. Cosgrove, Additional Trustee.

Claim has been filed for the amount of $4,500.00, $3,000.00 having previously been paid on account, making a net claim of $1,-500.00 and unpaid expenses of $150.55.

$300.00 will be approved as an additional allowance together with reimbursement of unpaid expenses in the amount of $150.55.

(c) Claim of Leonard Sobol, Esq., Attorney for Trustees.

Claim has been filed for the amount of $4,000.00, no payment having been made on account, and unpaid expenses of $353.00. $3,300.00 will be approved together with reimbursement of unpaid expenses in the amount of $353.00.

(d) Claim of Seymours Silverstone, Attorney for Debtor Corporation.

Claim has been filed for the amount of $750.00, no payment having been made on account. $100.00 will be approved.

(e) Claim of Kountz, Fry, Staley & Meyer, and Graham, Yost, Meyers & Graham, counsel for Merchandise Creditors' Committee.

Claim has been filed for the amount of $1,500.00. $1,500.00 will be approved.

(f) Claim of Adelbert E. Bronson, creditor of Debtor and Subrogee of Squire, Sanders & Dempsey, Attorneys for Adelbert E. Bronson.

Claim has been filed for the amount of $1,903.93.

Opinion

The only claim which requires or justifies discussion is that of Adelbert E. Bronson. Bronson, a stockholder and creditor of Debtor corporation, bases his claim for reimbursement in the amount of $1,903.93 by virtue of certain fees paid to Squire, Sanders & Dempsey, his legal counsel. His counsel performed services in the preparation and formulation of a plan of reorganization which was rejected by the majority of creditors. He claims the right to be subrogated, in lieu of his counsel, and be reimbursed for the moneys paid.

It is contended that Sections 242 and 243 of the Chandler Act, 11 U.S.C.A. §§ 642, 643, have liberalized former Section 77B, 11 U.S.C.A. § 207, and that reimbursement may be had for services rendered by counsel acting at the request of an individual creditor, even though the plan of reorganization was rejected by a majority of the creditors of the Debtor. Undoubtedly Sections 242 and 243 were adopted to create

greater participation by minority groups in reorganization procedure. This viewpoint is justified by Collier on Bankruptcy, Vol. 6, page 4538, where it is said: "Aggressive action by minority groups is sometimes necessary against entrenched interests who wish to dominate the organization for their own advantage."

I recognize the healthful and vibrant effect of minority participation. Whether such right to participate entitled counsel or the individual creditor to payment for the formulation of a rejected plan, under the present circumstances, is highly dubious. Considerable emphasis is placed on the case of In re Craigie Arms, Inc., D.C.1943, 52 F.Supp. 110, to point out that an attorney for an individual creditor may be entitled to compensation. The view is similarly taken in Teasdale v. Sefton Nat. Fibre Can Co., 8 Cir., 1936, 85 F.2d 379, 107 A.L.R. 531, that in some instances payment may be made to the representative of an individual. However, the court emphasized that Congress was primarily concerned in giving the court authority to make payment for services rendered in behalf of groups, and that payment is to be made to the representative of an individual only when his services are beneficial to the estate. An even more limited conclusion is taken in Re Condor Pictures, Inc., D.C.1939, 33 F.Supp. 174, to the effect that participation in behalf of individual creditors is often undesirable, and in the absence of unusual circumstances compensation should not be allowed.

There exists nothing to indicate that petitioner or his counsel conferred a benefit upon the estate. The merchandise creditors throughout the proceeding opposed every effort at reorganization, and the plan proposed was an attempt to alter the majority viewpoint in this respect.

Section 242 allows reasonable compensation for services in the formulation of a plan approved by the judge whether or not accepted by creditors or confirmed by court. This section is analyzed by Remington on Bankruptcy, where it is concluded in Section 4685: "The allowances authorized by Sec. 242 are for services carried on under direction of the court. They must be dis-tinguished from allowances by volunteers dealt with by Sec. 243."

In the light of Section 242, a court may exercise its discretion to grant allowances even though reorganization fails. In re Columbia Ribbon Co., 3 Cir., 1941, 117 F.2d 999. Claimant or his counsel did not propose their plan by direction of the court, nor at the suggestion of other creditors. They acted as volunteers, seeking all the time to induce other creditors to accept their plan. It is certainly within the province of any creditor to act to induce others to accept the plan he deems best, but it would prove highly dangerous to the corpus of the estate if courts were to grant allowances for the voluntary efforts of individual creditors to secure adoption of their own individual plans. Just as it is important to sustain the right of minorities to participate in reorganization procedure under Chapter X, so too, must the courts exercise reasonable discretion in protecting the estate for creditors—who have given of their goods and services to the Debtor.

The provisions of Section 243, as previously indicated by Remington on Bankruptcy, recognize the discretionary right of the court to grant allowances to volunteers. This section considerably broadened the old Section 77B, in that it authorized allowances for activities in opposition to a plan, while Section 77B required that activities must relate to the successful consummation of a plan for such allowances to be made.

The court, in granting allowances under Section 243, invokes the exercise of discretionary authority. A bankruptcy court need not be obliged to compensate every service which may remotely contribute to reorganization, but every case must stand upon its own merits, subject to the trial court's judicial discretion. See Dickinson Industrial Site v. Cowan, 1940, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819; In re Starrett Corp. et al., 3 Cir., 1937, 92 F.2d 375.

The right of Bronson to be compensated must, of course, be premised on the right of his counsel to recover since he stands in the position of his counsel.

Petitioner contends that since Section 206 of the Chandler Act, 11 U.S.C.A. § 606, accords creditors the right to be heard on all matters arising in a reorganization proceeding, it necessarily follows that such creditors' counsel shall be compensated out of the estate whether or not such services have benefited the estate. Such a conclusion does not follow where the conduct of petitioner and his counsel prove of no benefit to the Debtor's estate.

■ Where a creditor or his attorney is a volunteer, he can be compensated from the Debtor's estate only if his services contributed to the confirmation or defeat of a plan, or were beneficial to the administration of the estate. Porto Rican American Tobacco Co., 2 Cir., 117 F.2d 599, 601; In re Postal Telegraph & Cable Corp. et al., 2 Cir., 1941, 119 F.2d 861; In re Star Electric Motor Co., D.C., 67 F.Supp. 58; In re National Radiator Co., D.C., 29 F. Supp. 804; Collier on Bankruptcy, page 4560, in a construction of the language of Sec. 243.

In any event, whether the claim is considered under Section 242 or Section 243 of the Act, the services must benefit the estate if compensation is to be allowed, unless such performance is under the direction of the court. In re Postal Telegraph & Cable Corp. et al., supra; Porto Rican American Tobacco Co., supra.

It is quite reasonable to believe that Congress intended a strict construction of Section 243, since the Section involved the activity of volunteers, of whom there could be many, and whose multiplicity of plans and views, if compensated for, could fritter away the Debtor estate. A reorganization proceeding should not be diverted into a proceeding for benefit of those claiming compensation for administration. Sullivan & Cromwell v. Colorado Fuel & Iron Co., 10 Cir., 1938, 96 F.2d 219.

■ I must, therefore, conclude that where a creditor is a volunteer and is unable to secure majority approval of his plan presented for confirmation, said creditor must personally assume and pay any expense incurred. Sartorius et al. v. Bardo et al., 2 Cir., 1938, 95 F.2d 387.

Petitioner cannot reasonably contend that his plan contributed substantially to rejection of the initial plan proposed by the trustee, for petitioner himself avers that the plan exists in amended form; or, if I conclude that the initial plan has been rejected, petitioner's opposition thereto was only a fragment of the opposition exerted by the majority of merchandise creditors.

Were I to conclude that the plan of petitioner's counsel was beneficial to the estate, yet it is apparent that counsel acted solely for the interest of petitioner, the creditor by whom he was named to act. Even if services are beneficial to the administration of an estate, but were rendered in the sole interest of a creditor or stockholder, our courts have sustained the view that allowances may not be made for such services. Matter of Craigie Arms, Inc., supra; R.F.C. of Wash. D. C. et al. v. Herring et al., 9 Cir., 1940, 110 F.2d 320.

■ The claim of petitioner for reimbursement as an administrative expense of the amount paid by him to his counsel must be denied.

An appropriate Order is filed.