318

**CARPENTER, BABSON & FENDLER et al. v. CONDOR PICTURES, Inc., et al.**

No. 9329.

Circuit Court of Appeals, Ninth Circuit.

Dec. 7, 1939.

Charles C. Montgomery and Harold A. Fendler, both of Los Angeles, Cal., for appellants.

Nathan Newby, of Los Angeles, Cal., for appellees.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

An involuntary petition in bankruptcy was filed against Condor Pictures, Inc., which was subsequently superseded by a proceeding under § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. A plan of reorganization was proposed and subsequently approved. Counsel for the debtor was the firm known as Carpenter, Babson & Fendler, which firm filed a petition for compensation in the amount of $2,500. Appellant Fendler, an attorney representing himself and other creditors and certain common stockholders of the debtor, filed a petition for compensation in the amount of $2,500. On May 15, 1939, these petitions were referred to a special master. On May 29, 1939, the special master filed a report recommending that Carpenter, Babson & Fendler be allowed the sum of $1,750, and that Fendler individually be allowed the sum of $1,250 for services rendered.

Exceptions to the report were filed, and the court below on June 10, 1939 again referred the petitions to a special master who on June 26, 1939, filed a report recommending a reduction in the previously recommended allowances of 20%. On July 1, 1939, without exceptions to the last report of the special master being filed, and without notice or hearing, the court below entered a Memorandum of Order allowing Carpenter, Babson & Fendler the amount of $500, and allowed appellant Fendler nothing. Thereafter on July 10, 1939, a formal order was entered to that effect, and notice thereof given appellants on July 14, 1939.

On August 9, 1939, appellants filed petitions for rehearing, and on the same day an order was entered in the court below that said petitions were filed in good faith and not for the purpose of delay or extending time within which an appeal might be taken and fixing September 18, 1939, as the date for hearing the petitions. The petitions were denied by the court below on October 2, 1939. Appellants petitioned this court for an order allowing the appeal, pursuant to § 250 of the Chandler Act, 11 U.S.C.A. § 650, which appeal was subsequently allowed by this court.

■ Appellees have moved to dismiss the appeal upon the following grounds: (1) all interested parties have not been made parties to the appeal; and (2) the appeals were not taken in time.

As to the first point our practice has been to permit citation to be served on necessary parties, if any, when the defect appears. In re Knox-Powell-Stockton Co., 9 Cir., 97 F.2d 61.

■ The time for appeal is "thirty days after written notice to the aggrieved

party of the entry of the judgment, order or decree complained of, proof of which notice shall be filed within five days after service or, if such notice be not served and filed, then within forty days from such entry". 11 U.S.C.A. § 48, sub. a. The petition for rehearing was filed within forty days of the entry of the memorandum order, notice of which was not given, and within thirty days of the entry of the formal order, notice of which was given. The time for appeal began to run upon the denial of the petition for rehearing (Morse v. United States, 270 U.S. 151, 46 S.Ct. 241, 70 L.Ed. 518), although it would have been otherwise had the petition not been "entertained". Wayne United Gas Co. v. Owens-Illinois Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557. The petition herein having been entertained, the appeal was in time.

Motion denied.