**CARPENTER, BABSON & FENDLER et al.
v. CONDOR PICTURES, Inc., et al.
No. 9329.**

Circuit Court of Appeals, Ninth Circuit.
March 11, 1940.

Rehearing Denied April 13, 1940.

318

Charles C. Montgomery, of Los Angeles, Cal., for appellants.

Newby & Newby and Nathan Newby and Nathan Newby, Jr., all of Los Angeles, Cal., for appellee Clinton E. Miller, trustee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Claims for attorneys' fees were disallowed by the court below, and the claimants appealed pursuant to § 250 of the Chandler Act, Act of June 22, 1938, 11 U.S.C.A. § 650.

On November 23, 1937, an involuntary petition for the adjudication of Condor Pictures, Inc., hereafter called the debtor, was filed. The debtor's directors adopted a resolution employing Carpenter, Babson and Fendler, hereafter called the firm, as attorneys for it at a compensation to be fixed by the court. The firm filed for the debtor an answer to the petition and a motion to dismiss. Certain creditors then filed a petition for reorganization of the debtor, under former § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. The firm on behalf of the debtor then filed an answer consenting to the petition for reorganization. The firm thereafter represented the debtor in the reorganization proceedings until April 15, 1938, when other attorneys were substituted for the firm.

Appellant Fendler had a claim against the debtor, and represented other creditors as well as stockholders holding in excess of ten per cent of the corporate stock. He initiated and formulated the plan of reorganization subsequently adopted, although it was filed under the name of another attorney.

The firm filed a petition for an allowance of $2,500 for its services as attorneys for the debtor, alleging that it had devoted 250 hours to conferences of various counsel and had been in court not less than 10 days in connection with the proceeding.

Fendler filed a petition for an allowance of $2,500 for his services as attorney for certain creditors and stockholders, and alleged that a total of 185 hours of his time was consumed "in connection with the initiation, formulation and prosecution of said plan of reorganization including the various Court hearings and hearings before the Special Master".

Both petitions were referred to a special master, who with respect to the claim of the firm reported: "* * * The major portion of the work performed by the said petitioners pertained to administration matters, and not to matters pertaining to the formation of the Plan of Reorganization. * * * It was the duty of the counsel for the Trustee to render the administration services, and the said services may be to a certain extent a duplication. On the other hand, it appears that the Trustee and his counsel received the benefit of the said services and that compensation should be provided therefor * * *"

The special master recommended that the firm be allowed $1,750 in addition to $500 previously paid them.

With respect to Fendler's claim, the special master reported: "Petitioner [Fendler] was personally an unsecured creditor with a provable claim of in excess of $1500.00, and represented unsecured gen-

eral claims against the debtor in excess of $15,000.00. The petition shows extensive court appearances, and various other services in connection with the Plan of Reorganization. However, petitioner's claim was of the same class as those represented by the Committee of Unsecured Creditors, which Committee was recognized by the Court herein, and the said committee and its counsel * * * were active in the formation of the Plan and in the general representation of the rights of all creditors of the said class. On the other hand, the services rendered by petitioner were beneficial, and were of assistance in the administration and in the formation of the Plan of Reorganization, and the said petitioner should be compensated therefor * * *"

The special master recommended an allowance of $1,250 to Fendler.

The special master's report was filed on May 20, 1939. The court below upon the filing of exceptions by the trustee, without further hearing re-referred the claims to the special master, directing him to examine the trustee and his counsel "with respect to the merits, the extent, and the benefits to the estate of the legal services rendered by the various claimants"; to return a stenographic report of the same; to require the trustee to submit "a brief narrative in chronological order of all of the various proceedings had in said matter"; and to make a return as supplementary to his original report with such recommendation as he wished to make.

The special master reported that the trustee's counsel testified that the firm's services were not reasonably worth more than $500; that the firm "did not cooperate with the Trustee along administrative lines"; and that the trustee did not call upon the firm "for any services of an administrative nature". With respect to Fendler, the special master reported that the same counsel testified: "that the services for which Mr. Fendler was seeking compensation in his petition covered only services in connection with the reorganization plan. That Mr. Cunningham had the 'laboring oar' in that connection. Although Mr. Fendler represented individual creditors who desired the company reorganized along the lines as indicated in the plan, and that whatever services he rendered in negotiations, consultations or otherwise were primarily on behalf of his individual clients, and that he should look to his individual clients for compensation * * *"

The special master concluded that his opinion as to the value of the services as shown in his previous report was unchanged, but recommended a reduction of 20% of the fees previously recommended. The special master's report was filed on June 26, 1939.

On July 1, 1939, in the absence of any new exceptions, and in the absence of notice or hearing, the court below entered a Memorandum of Order allowing the firm the amount of $500, and allowing Fendler nothing. A formal order to that effect was entered on July 10, 1939. Petitions for rehearing were thereafter filed by the firm and Fendler, and denied, after hearing on October 2, 1939. An appeal was thereafter allowed by this court, and the trustee's motions to dismiss the appeals were denied. Carpenter v. Condor Pictures, 9 Cir., 108 F.2d 318. The merits are now presented.

Appellants contend that the court below erred in failing to follow the report of the special master in the absence of any evidence except that before the Special Master, and rely on Dee v. United Exchange Bldg., 9 Cir., 88 F.2d 372. We think the rule followed in that case is not controlling here.

Federal Rules of Civil Procedure, Rule 53(e) (2), 28 U.S.C.A. following section 723c provides: "In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. * * * The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

General Order In Bankruptcy No. 37 (305 U.S. 698, 59 S.Ct. cl. xxxiv, 11 U.S.C.A. following section 53) provides generally that the Federal Rules Of Civil Procedure shall be followed "as nearly as may be" if not inconsistent with the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. General Order In Bankruptcy No. 47 (305 U.S. 702, 59 S.Ct. cl. xxxv, 11 U.S.C.A. following section 53) provides: "Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive

further evidence or may recommit it with instructions."

While Rule 53(e) (2) of the Federal Rules Of Civil Procedure is not applicable here in view of General Order In Bankruptcy No. 47, the latter is taken from the former. That there was a change in the law is clearly indicated by the note to Rule 53(e) which states: "This contains the substance of Equity Rules 61 * * * 61½ * * * and 66 * * * with modifications as to the form and *effect* of the report * * *." (Italics supplied).

General Order No. 47 clearly indicates that a special master shall make findings unless "otherwise directed in the order of reference". Additional evidence was submitted on the re-reference after the special master had made his findings. The rule requiring the trial court to accept the findings of a special master "unless clearly erroneous" ought not to apply to findings made on only part of the evidence. Furthermore, the order of re-reference clearly indicated that the special master was not to make findings, but that the trial court would decide the facts. This follows because such order required a report of the new evidence, and a summary of the proceedings. For these reasons we think it clear that the trial court was not required to accept the findings of the special master.

It is further contended that the court below abused its discretion in reducing and disallowing the fees in question. We think it was not an abuse of discretion for the trial court to believe counsel for the trustee rather than appellants. The mere consumption of time of the attorneys is not conclusive.

Finally, it is urged that the trial court erred in restricting the evidence to be taken on the re-reference to that of the trustee and his counsel, without giving appellants an opportunity to present evidence in rebuttal. There is nothing in the record or appellants' briefs indicating that it had any further evidence to produce. Appellants had previously introduced their evidence, and a conflict of evidence arose upon the testimony of the trustee. For appellants to reiterate what they had already stated would be of no aid, and appellants do not suggest that they had evidence to introduce, other than cumulative. Indicative is the second report of the special master, which states: "* * * Extensive examination * * * by * * *

Fendler, was had of the witness [trustee's counsel], and in connection therewith petitioners brought out many matters as set forth in their petition on file herein. These matters were of a cumulative nature * *"

Under these circumstances, we think no error has been shown.

Affirmed.