In re AMERICAN MAIL LINE, Limited.

FORBES v. AMERICAN MAIL LINE, Limited.

No. 9434.

Circuit Court of Appeals, Ninth Circuit.

Oct. 30, 1940.

Julian O. Matthews and Beverly S. Wilkerson, both of Seattle, Wash., for appellant.

Lawrence Bogle, Cassius E. Gates, John Ambler, and Warren Brown, Jr., all of Seattle, Wash., for appellees American Mail Line, Limited, et al.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Appellant Forbes seeks review of an order fixing his compensation and allowance for expenses in a corporate reorganization proceeding.

The American Mail Line, Limited, a Nevada corporation, debtor, owned 5 vessels. The United States Maritime Commission held mortgages of about $600,000 on four of them. A mortgage of about $200,000 was held by Admiral Oriental Line, which also held all the debtor's stock. Debtor owed other lien creditors about $300,000 and unsecured creditors about $500,000. The debtor operated under a temporary subsidy from September, 1937, to June, 1938, and received about $475,000 in subsidies, but sustained a net loss for that period of $564,596.49. The debtor abandoned operations on August 12, 1938. Some attempts to reorganize were made prior to April 6, 1939, but to no avail.

Forbes believed a reorganization was feasible, and began work thereon on April 6, 1939, upon the understanding that he would get no compensation unless the reorganization was successful. He made several trips to the east, had many discussions with the Commission, and devoted his entire time to the reorganization from April 6, 1939, to November 1, 1939.

Under the plan of reorganization as approved, the Commission accepted four vessels in satisfaction of its mortgages; the fifth vessel was sold for cash to be used in payment of certain claims and to provide working capital; Admiral Oriental Line accepted preferred stock in the new

corporation for its mortgage on the fifth vessel, at the rate of one share for each $10 of the mortgage debt; and the remaining creditors received Class A and Class B common stock. The Class A and Class B stock were practically identical except as to voting rights. Class B stock had no voting rights.

Forbes requested compensation of $14,166 and 10,000 shares of Class A stock, and requested $5,160.84 as expenses. The special master, to whom the matter was referred, reported "that a reasonable compensation to be allowed to Mr. Forbes for his services is the sum of $6,667 in cash and 5,000 shares of the Class A common stock of the reorganized corporation". The master allowed expenses in the amount of $1,812.19.

Exceptions were filed to the report of the special master. Upon hearing of the exceptions, the court below heard further testimony, and followed the special master's recommendation except as to the amount and kind of stock to be allowed. The court below allowed Forbes 2,000 shares of Class B stock instead of 5,000 shares of Class A stock as recommended by the special master.

■ First. Forbes contends that the court below abused its discretion in failing to make the allowances demanded by him. He further contends that the special master's findings were not clearly erroneous and should have been followed. The latter contention disposes of the former with respect to the cash allowance. If the special master's finding was not clearly erroneous, then the court below committed no error in accepting it. General Order In Bankruptcy No. 47.

With respect to the stock allowance, however, the court below declined to accept the special master's finding. Forbes contends that the skill and efficiency evidenced by him, the successful solution of a problem many people thought to be insolvable, and the work performed, entitle him to a greater allowance than was made.

■ The court below "may allow reasonable compensation for services rendered" by Forbes. 11 U.S.C.A. § 642. By the use of the word "may" it is indicated that an allowance is discretionary. Dickinson Industrial Site v. Cowan, 309 U.S. 382, 389, 60 S.Ct. 595, 84 L.Ed. 819. If the court exercises discretion, and makes

an allowance, then the allowance is required to be "reasonable". Where the court makes an allowance, the person to whom it is made has no standing to urge that the court below in granting his petition wrongly exercised its discretion in his favor. Abuse of discretion may be urged by such person only where the court has declined to allow him any compensation. Where, however, the court has made an allowance, then the person to whom it is made may urge that the court below violated the statute in making an allowance which was not "reasonable". While an adverse party is in a position to urge abuse of discretion where the court makes an allowance, the person to whom such allowance is made may not.

■ Since the court below made an allowance to Forbes, the latter cannot urge that the court abused its discretion in determining that he, Forbes, was entitled to an allowance. Forbes may urge that the allowance made to him did not comply with the command of the statute that the allowance must be "reasonable". The difference between the two questions is important. Whether the court abused its discretion is a question of law or at least a mixed question of law and fact, whereas the question as to whether an allowance is reasonable is one of fact.

■ When the special master's report came before the court below, the latter was required to accept the special master's finding unless "clearly erroneous". General Order In Bankruptcy No. 47. However, and as permitted by that order, the court below received "further evidence". The court also considered the entire file in the proceeding and the testimony before the special master. Since further testimony was before the court, the rule requiring the court to accept the findings of the special master unless clearly erroneous was not then applicable, for the further testimony could change the entire case.[1] For that reason, Dee v. United Exchange Building, 9 Cir., 88 F.2d 372 is not in point. It is urged, however, that the further testimony added nothing to the evidence before the master. While that fact may be doubted, it is immaterial, we think. Even if the testimony was cumulative only, there would arise questions of credibility and weight of the testimony which would require a reappraisal by the

---

[1] Compare Carpenter, Babson & Fendler v. Condor Pictures, 9 Cir., 110 F.2d 317.

court of the entire testimony free of the rule requiring acceptance of the findings of the special master.

The court below approved as reasonable compensation to Forbes the amount of $6,667 and 2,000 shares of Class B stock. In this court we must consider that the court below has found as a fact that a reasonable compensation is the amount of cash and stock mentioned. We must accept such finding unless "clearly erroneous". Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A. following section 723c; General Orders In Bankruptcy Nos. 36 and 37, 11 U.S.C.A. following section 53.

There was testimony to the effect that the amounts asked by Forbes were reasonable. The court below declined to believe it. We cannot say as a matter of law that the court below was compelled to believe it. On the other hand, the cash allowance averaged $32 per day or nearly $1,000 a month for Forbes. In addition to that sum, Forbes was allowed 2,000 shares of stock, the value of which is in dispute, but it obviously has some value. The cash allowance seems to us to be ample allowance to Forbes, but in any event, we cannot say that the finding that a reasonable compensation of $1,000 per month plus 300 shares of stock per month, is clearly erroneous.

. The court allowed Class B stock, rather than Class A stock. It appeared from the testimony, that reorganization was endangered because local interests and creditors were anxious that the Admiral Oriental Line should not directly or indirectly control the new corporation. Such objection was removed only by compelling the Admiral Oriental Line to take non-voting stock. Because of Forbes' interest with such line, (his expenses having been paid by such line), the court could properly infer that a successful reorganization might more readily occur, if the local interests were the only ones to receive voting stock. We hold that there was no error in the allowance of compensation.

Forbes further contends that he was deprived of expenses actually incurred. The disallowance (except for a few small items the disallowance of which we approve without discussion) relates to a per diem allowance of Forbes at $12 per day from July 18, 1939 to November 1, 1939. Regarding such item, the special master made the following findings: "* * * Mr. Forbes came to Seattle on about July 18th and has remained in Seattle from that time until about November 1, 1939, when he entered the employment of the new management of the reorganized corporation. It is my theory that only traveling expenses should be allowed, with the necessary costs of hotel accommodations and subsistence incident to such travel, but that living expenses as such should not be allowed in a proceeding of this kind. All of the expenses * * * are in the nature of living expenses for his period of residence in Seattle from about July 18th to November 1st. There may be some exceptions to this generalization in this—the hotel bills presented for that later period include charges for telegrams and telephone. These, however, have not been segregated by the claimant and even if they were segregated by the court without assistance, there is no evidence in the record of their specific character to support their allowance as being necessary expenditures in connection with the reorganization." The statute authorizes the court below to allow "reimbursement for proper costs and expenses". 11 U.S.C.A. § 642. We agree with the special master and the court below that the items claimed were not "proper costs and expenses" and hold that the findings in this respect are not clearly erroneous.

Affirmed.

WILBUR, Circuit Judge (concurring).

I concur in the judgment of affirmance on the ground that the trial court is not bound by the decision of the Special Master, particularly where, as here, additional evidence was introduced before the judge. I agree that the facts recited in the main opinion show that there was no abuse of discretion on the part of the trial court. (General Order in Bankruptcy No. 47, as amended January 16, 1939; 11 U.S.C.A. following section 53.)