## In re QUAKER CITY COLD STORAGE CO.
### No. 21935.

United States District Court
E. D. Pennsylvania.
June 24, 1949.

See also D.C., 49 F.Supp. 60; D.C., 71 F. Supp. 124.

Schnader, Harrison, Segal & Lewis, Wexler & Weisman, Philadelphia, Pa., for trustee.

J. Wesley McWilliams, Philadelphia, Pa., for debtor.

Frederick T. Finnigan, New York City, for Securities & Exchange Commission.

Edwin W. Semans, Philadelphia, Pa., James J. Cannon, New York City, for Burns' Bondholders' Protective Committee.

Joseph Sharfsin, Philadelphia, Pa., Pomerantz, Levy, Schreiber & Haudek, Leonard I. Schreiber, New York City, for Carter-Gregory Bondholders' Committee.

KALODNER, Circuit Judge.

Applications for allowances for compensation for services rendered in this reorganization proceeding by the Trustee, his counsel, Bondholders' Committees and their counsel, the Debtor's counsel, and others, were referred to L. Leroy Deininger, Referee in Bankruptcy, as Special Master, for consideration and report. The Court now has before it that report, together with the exceptions filed thereto.

The exceptions may be divided into two categories (1) those filed by the Securities and Exchange Commission and Oliver J. Sterling, a stockholder and bondholder of the Debtor, to virtually all the allowances recommended by the Special Master on the ground that they were "excessive and unreasonable"; and (2) those filed by certain participants to allowances recommended for them on the ground of inadequacy.

It may be well at this point to dispose of the exceptions filed by Mr. Sterling. The Special Master's report was filed May 20, 1949. Mr. Sterling's exceptions were filed on May 28th. The Court, on June 1st, fixed June 13th as the date for hearing on the various exceptions, and notices thereof were mailed to all interested parties by counsel for the Trustee. Mr. Sterling failed to appear at the June 13th hearing nor did he communicate with the Court. Under the circumstances, the exceptions filed by Mr. Sterling are dismissed for want of prosecution.

With respect to the exceptions filed by the Securities and Exchange Commission to the allowances to the Trustee and his counsel,[1] it need only be said that my examination of the detailed petitions filed by the Trustee and his counsel, the voluminous appendices thereto and transcript of the extensive testimony taken by the Special Master in connection therewith, completely sustains and justifies the Special Master's recommendation for these allowances as "reasonable compensation for services rendered".

The same holds true with respect to exceptions filed by the Securities and Exchange Commission to the allowances to all the other parties concerned. Their petitions and the testimony adduced in support thereof sustain the allowances made to them as "reasonable compensation for services rendered".

General Order 47, 11 U.S.C.A. following Section 53, provides that " * * * the judge shall accept his (the special master's) findings of fact unless clearly erroneous." The same requirement for acceptance of the Special Master's findings unless "clearly erroneous" is imposed in Federal Rules of Civil Procedure, rule 53(e) (2), 28 U.S.C.A., and under General Order 37, 11 U.S.C.A. following Section 53, it is provided that "In proceedings un-

[1] It may be noted that the Burns Committee representing approximately $473,000 of the first mortgage bonds, or nearly 46 per cent of the entire issue; the Philadelphia Perishable Products Terminal Company and affiliated interests' owning $237,750 of the bonds as well as 5,730 shares of preferred stock and the Carter-Gregory Committee which filed appearances in behalf of approximately $175,000 of the first mortgage bonds did not file any exceptions to the allowances made by the Special Master to the Trustee and his counsel.

der the (Bankruptcy) Act, the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act * * * be followed as nearly as may be."

The requirement as to the acceptance of the Special Master's findings of fact "unless clearly erroneous" as imposed by General Order 47 and Rule 53 has been recognized by the United States Court of Appeals for this Circuit in Re Wolfe, 3 Cir., 1948, 165 F.2d 707.[2]

In the instant situation the Special Master's report exhaustively reviewed and analyzed the various petitions for allowances, the services rendered by the parties involved and the value of such services to the reorganization of the Debtor.

During the six years or so in which these reorganization proceedings were pending I observed at first hand the services rendered by the Trustee, his counsel and the various groups and individuals here involved. My complete agreement with the findings and recommendations of the Special Master is fortified by these observations.

With respect to the exceptions filed by Joseph Sharfsin, Esq., and Pomerantz, Levy, Schreiber & Haudek, counsel for the Carter-Gregory Bondholders' Protective Committee, John Morgan Davis, Esq., secretary of that Committee, the Committee itself, James J. Cannon, Esq., one of the two counsel for the Burns Committee [3] and J. Wesley McWilliams, Esq., counsel for the Debtor, I am of the opinion that the allowances to them, recommended by the Special Master, are "reasonable compensation for services rendered" and are approved by this Court.

Finally, the Special Master has requested that an allowance be made to him in the sum of $2,500 for his additional services rendered since September 21, 1948, and of $4,000 for services rendered prior to that date, or a total of $6,500. In my opinion the sum of $6,500 is reasonable compensation for the services rendered by the Special Master and an allowance in that amount is approved. The Special Master's request for reimbursement of necessary costs and expenses in the sum of $171.85 is also allowed.

For the reasons stated the report of the Special Master, his findings, conclusions and recommendations, are approved and confirmed, and the exceptions filed thereto are hereby dismissed.

An order may be submitted in accordance with this opinion.

---

[2] In accord are Morris Plan Industrial Bank v. Henderson, 2 Cir., 1942, 131 F. 2d 975; In re American Mail Line, Ltd., 9 Cir., 1940, 115 F.2d 196.

[3] Edwin W. Seman, Esq., co-counsel with Mr. Cannon for the Burns Committee, did not file any exceptions to the allowance to him as recommended by the Special Master.