**ROSIN v. HART et al.**

No. 12331.

United States Court of Appeals, Ninth Circuit.

May 29, 1950.

Rehearing Denied June 21, 1950.

746

Chas. I. Rosin, Los Angeles, Cal., for appellant.

Royal A. Stewart, Reno, Nevada, for appellee Hart.

Roger S. Foster, Gen. Counsel, SEC., Aaron Levy, Harvey M. Spear, Attorneys, SEC., Washington, D.C., W. Stevens Tucker, Attorney, SEC., Washington, D.C., W. Stevens Tucker, Attorney, SEC., San Francisco, Cal., for appellee SEC.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from an order, entered in Chapter X corporate reorganization proceedings,[1] denying additional compensation to appellant for legal services allegedly furnished trustees appointed by a state court. Appellant claimed (a) $10,000, less $500 previously allowed by the state court, for services rendered the trustees between May, 1938, and June, 1939, in state court litigation which preceded the Chapter X actions; and (b) $1000 for services rendered the same trustees in the Chapter X proceedings.

*The State Court Proceedings*

 Regarding Rosin's claim for services prior to September 2, 1938, the stipulation on which the three trustees were appointed in the state court proceedings provides:

"VII

"No indebtedness or liability shall be incurred by the trustees except the ordinary expenses and charges incidental to the operation of the mine, except upon the order of this court."

In our opinion this justifies the finding of the bankruptcy court that Rosin was not legally employed prior to September 2, 1938, when the state court entered an order authorizing his employment.

---

1. Matter of International Mining & Milling Company, and Matter of Mount Gaines Mining Company, companion proceedings under Chapter X of the Bankruptcy Act, 52 Stat. 883, 11 U.S.C.A. § 501 et seq.

■ With regard to the services claimed to have been rendered in the state court proceedings after September 2, 1938, the court below held that the sum of $500 awarded by the state court was "fair, adequate and reasonable compensation." Appellant claims that that sum did not pay in full for the services there rendered.

Where, as here, a Chapter X reorganization proceeding supersedes a prior proceeding in a state court, the determination of what are "reasonable costs and expenses" is for the bankruptcy court, even though the counsel was appointed by the state court and rendered service in the state proceeding. Brown v. Gerdes, 321 U.S. 178, 182, 64 S.Ct. 487, 489, 88 L.Ed. 659. In reviewing the finding of the trial court on allowance of counsel's fee in a reorganization proceeding, this court must accept the finding unless "clearly erroneous." In re American Mail Line, 9 Cir., 115 F.2d 196, 199. In light of the character of the proof offered by appellant in support of his claim, we think that the finding of the court below that $500 was reasonable compensation should not be disturbed. Although the evidence was perhaps definite enough to have sustained an award in excess of $500, appellant's testimony was vague and uncertain as to the amount of time and effort actually expended on the trusteeship affairs. This indefiniteness seems attributable to the fact that ten years had elapsed since the services were rendered, but this cannot excuse appellant from his failure to keep adequate records to support his claim. In addition, there is at least a question as to whether appellant, after the resignation of Trustee Trask in February, 1939, continued to represent the three trustees or whether he was acting for Trustee Buxton alone. In view of these uncertainties we cannot say the findings of the court below are clearly erroneous.

### The Chapter X Proceedings

■ With regard to Rosin's claim for services rendered in the instant proceeding under the Bankruptcy Act, the court below could infer that he was not authorized by the three state court trustees to attempt to defeat the federal proceeding or to file a proposed report of the state court trustees, and that he was acting merely on behalf of but one of them. Under no theory could an attorney in this position claim that he was serving the interests of anyone a party to the federal proceeding, even assuming such a party had the right to recover in that proceeding its attorney's fees.

To the extent that it dealt with compensation to appellant, the order appealed from is affirmed.