## DICKINSON INDUSTRIAL SITE, INC. *v.* COWAN
### ET AL.

No. 386.. Argued February 6, 1940.—Decided March 11, 1940.

*Messrs. Benjamin Wham* and *Walter A. Wade,* with whom *Mr. George W. Ott* was on the brief, for petitioner.

*Mr. Julian H. Levi,* with whom *Mr. Samuel E. Hirsch* was on the brief, for respondents.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

A plan of reorganization of petitioner under § 77B of the Bankruptcy Act (48 Stat. 912) was confirmed on Feb-

ruary 23, 1938. Respondents are members of a bondholders' committee who sought an allowance in those proceedings. On October 26, 1938, they were awarded $2,000 for services rendered, $20,000 having been asked. On November 25, 1938, they petitioned the Circuit Court of Appeals for leave to appeal from that order. The appeal was allowed. Petitioner moved to dismiss the appeal on the ground that the Court of Appeals had no jurisdiction to allow it, the argument being that respondents had an appeal as of right which could only be taken by filing a notice of appeal in the District Court. The Circuit Court of Appeals denied petitioner's motion to dismiss and modified the order by increasing the allowance to $10,000. 104 F. 2d 771. We granted certiorari because of a conflict of that ruling with *London* v. *O'Dougherty,* 102 F. 2d 524, which held that appeals from compensation orders involving $500 or more could be had as a matter of right under the Chandler Act (52 Stat. 840).

*First.* The Circuit Court of Appeals held that the provisions of the Chandler Act, which became effective on September 22, 1938 (§ 7), were applicable to this appeal. We think that follows from § 6 (b) of the Act which states that "Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect; . . ." Where, as here, appeal is taken after the effective date of the Act, it is clearly "practicable" to apply the new appeal provisions. Contrary to respondents' contention, § 276 (c) (2) is not applicable to appeals. It provides that the provisions of Ch. X (the successor to § 77B) shall apply to pending proceedings "to the extent that the judge shall deem their application practicable" where the petition in such proceedings was approved more than three months before the effective date of the amendatory Act. But that relates solely to proceedings in the district court. The

"judge" referred to in that section means a "judge of a court of bankruptcy." § 1 (20). Such court does not include the Circuit Court of Appeals. § 1 (10). Hence the application of the new appeal provisions to this type of case is not dependent on a determination of practicability by the district judge under § 276 (c) (2).

*Second.* Petitioner's argument that the appeal in this case could be taken as a matter of right requires an analysis of § 24 and § 250 of the Chandler Act. Sec. 24 provides in part:

"a. The Circuit Courts of Appeals of the United States and the United States Court of Appeals for the District of Columbia, in vacation, in chambers, and during their respective terms, as now or as they may be hereafter held, are hereby invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdictions in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact: *Provided, however,* That the jurisdiction upon appeal from a judgment on a verdict rendered by a jury, shall extend to matters of law only: *Provided further,* That when any order, decree, or judgment involves less than $500, an appeal therefrom may be taken only upon allowance of the appellate court.

"b. Such appellate jurisdiction shall be exercised by appeal and in the form and manner of an appeal."

Sec. 250 provides:

"Appeals may be taken in matters of law or fact from orders making or refusing to make allowances of compensation or reimbursement, and may, in the manner and within the time provided for appeals by this Act, be taken to and allowed by the circuit court of appeals independently of other appeals in the proceeding, and shall be summarily heard upon the original papers."

Petitioner contends that Congress by § 24 created a single test—the amount of the order appealed from—for determining whether leave to appeal was necessary and that the words "allowed by" in § 250 refer to appeals from orders of allowances of less than $500.

Our view, however, is that appeals from all orders making or refusing to make allowances of compensation or reimbursement under Ch. X of the Chandler Act may be had only at the discretion of the Circuit Court of Appeals.

Under § 77B (c) (9) it was provided that "appeals from orders fixing such allowances may be *taken to* the Circuit Court of Appeals independently of other appeals in the proceeding and shall be heard summarily." And it was held by this Court in *Shulman* v. *Wilson-Sheridan Hotel Co.*, 301 U. S. 172, that those appeals could not be had as a matter of right but only in the discretion of the appellate court as provided in former § 24 (b). That was the way the matter stood when § 250 was drafted. The history of that section [1] shows that it was derived from § 77B (c) (9). But, significantly, the words *"and allowed by"* were added—words not present in § 77B (c) (9). The result plainly was (1) to carry over into the new act the rule of *Shulman* v. *Wilson-Sheridan Hotel Co., supra,* and (2) to set apart in a separate section the provisions for appeals from that type of order so as to make those appeals no longer dependent on § 24, which had become a storm center for the revisionists. [2] If the House did not intend the latter result, then the addition of the words "and allowed by" were wholly needless, as under the House revision of § 24 appeals from compensa-

---

[1] S. Rep. No. 1916, 75th Cong., 3rd Sess., p. 38.

[2] H. R. Hearings on H. R. 6439 (H. R. 8046), 75th Cong., 1st Sess., pp. 79–80, 213–218, 222–223, 240–241, 405–406; S. Hearings on H. R. 8046, 75th Cong., 2nd Sess., pp. 53–54, 60, 103–108. And see H. R. Rep. No. 1409, 75th Cong., 1st Sess., p. 22.

tion orders would have been discretionary with the appellate court.[3]

---

[3] This is made clear by comparison of § 250 with § 24 as they passed the House.

Sec. 250 then read:

"Appeals in matters of law or fact from orders making or refusing to make allowances of compensation or reimbursement may, in the manner and within the time provided for appeals by this Act, be taken to and allowed by the circuit court of appeals independently of other appeals in the proceeding, and shall be summarily heard upon the original papers.".

Sec. 24 a and b then read:

"a. The Circuit Courts of Appeals of the United States and the United States Court of Appeals for the District of Columbia, in vacation, in chambers, and during their respective terms, as now or as they may be hereafter held, are hereby invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdictions (1) of controversies arising in the course of proceedings under this Act in the same manner and to the same extent as in suits at law or in equity; (2) to superintend and revise, in matter of law and fact, the proceedings of such inferior courts of bankruptcy in the following cases: (a) A judgment adjudging or refusing to adjudge a person a bankrupt; (b) a judgment approving or dismissing a petition filed by or against a debtor under chapter X of this Act; (c) a judgment granting or denying a discharge; (d) a judgment confirming or refusing to confirm an arrangement or plan; (e) a judgment allowing or rejecting a debt, claim, or interest of $500 or over; and (f) a judgment allowing or dismissing an application for an order upon a bankrupt or other person to deliver or turn over property to the marshal, or to the receiver or trustee of the estate; and (3) to superintendent and revise, in matter of law only, the proceedings in all other cases of such inferior courts of bankruptcy.

"b. Such appellate jurisdiction shall be exercised by appeal and in the form and manner of an appeal: *Provided,* That in the cases specified in subdivision a (3) of this section, such appeals shall be allowed in the discretion of the appellate court: *And provided further,* That where, within the time limited for taking appeals, an appeal has been taken as of right instead of by allowance of the appellate court, the appellate court may in its discretion allow such appeal at any time before final determination with the same effect as if it had been duly allowed, when taken, and where, within the time

Hence under the House Bill as it reached the Senate, it seems clear that no such appeals could be had as a matter of right. In the Senate the present § 24 was substituted for the House provision; but the present § 250 was not altered in any respect material here. It is clear from the Senate hearings and Committee Report that the Senate was interested only in the elimination from § 24 of the old distinctions between "controversies arising in bankruptcy proceedings" and "proceedings" in bankruptcy.[4] There was not the slightest intimation of any

---

limited for taking appeals, an appeal has been taken by allowance of the appellate court instead of as of right, the appellate court may in its discretion entertain and determine such appeal with the same effect as if it had been duly taken as of right."

[4] S. Rep., *supra* note 1, p. 4, commented as follows on the present § 24:

"The House bill makes certain amendments in the sections of the act (24–25) relative to appeals, but preserves the existing distinction between appeals as of right and appeals by leave of the appellate courts. The amendment presented by the committee practically abolishes this distinction. Under it, appeals may be made as of right in all cases involving $500 or more. In controversies of less than this amount, appeals may be taken only upon allowance by the appellate court. The jurisdiction of the appellate court will extend both to matters of law and of fact, except that in an appeal from a judgment on a verdict rendered by a jury the jurisdiction will extend to matters of law only. The removal of the troublesome distinction will be a service to both bench and bar. It is often difficult to determine the proper procedure under the present law and frequently appeals are taken in both ways in order to be certain. The House bill seeks to remedy this condition by providing that in the event of mistake the appellate court may consider the appeal as properly taken and proceed to a determination of the case. Your committee believes it is much better to eliminate the distinction altogether."

The testimony of Reuben G. Hunt before the Senate Committee is particularly illuminating on this point of controversy. S. Hearings, *supra*, note 2, p. 53. See also Hunt, Appeals from the District Courts to the Circuit Courts of Appeals in Bankruptcy Cases, 42 Comm. L. Journ. (1937).

dissatisfaction with the rule of *Shulman* v. *Wilson-Sheridan Hotel Co., supra,* or with § 250 as it passed the House. To be sure, the Senate Committee Report is somewhat ambiguous.[5] But it is perhaps significant that that report in commenting on § 24 stated not that it "abolished" but that it "practically abolished" the distinction between appeals as of right and appeals by leave of the appellate courts.

More important, however, is the matter of statutory construction. To hold that an appeal from a compensation order is governed by § 24 the words "taken to *and* allowed by" in § 250 must be read "taken to *or* allowed by." Only then can appeals from compensation orders involving less than $500 be governed by "allowed by" and appeals from all other such orders be governed by "taken to." In the face of the foregoing history we do not believe we are justified in substituting "or" for "and." The inappropriateness of it is somewhat emphasized by the history of *"taken to"* which in *Shulman* v. *Wilson-Sheridan Hotel Co., supra,* was held not to permit an appeal as of right. It is further emphasized by considerations of policy.

The history of fees in corporate reorganizations contains many sordid chapters. One of the purposes of § 77B was to place those fees under more effective control.[6] Buttressing that control was § 77B (c) (9) which, together with former § 24 (b), made appeals from compensation orders discretionary with the appellate court.

[5] That report states that the present § 24 "practically abolishes" the distinction "between appeals as of right and appeals by leave of the appellate courts." *Id., supra,* note 4. And the Committee in commenting on § 250 merely says:

"Section 250, derived from section 77B (c) (9), is intended to facilitate appeals from the grant or refusal of an allowance of compensation. These are to be disposed of without the necessity of a printed record." *Id.,* p. 38.

[6] H. R. Rep. No. 194, 73rd Cong., 1st Sess., p. 1.

We should not depart from that policy in absence of a clear expression from Congress of its desire for a change. Fee claimants are either officers of the court or fiduciaries,[7] such as members of committees, whose claims for allowance from the estate are based only on service rendered to and benefits received by the estate.[8] Allowance or disallowance involves an exercise of sound discretion by the court based on that statutory standard. Unlike appeals from other orders, appeals from compensation orders therefore normally involve only one question of law—abuse of discretion. These factors not only emphasize the appropriateness of the separate treatment by Congress of appeals from compensation orders; they reinforce the interpretation of § 250 which restricts these appeals. For certainly it seems sound policy to require fiduciaries to make out a *prima facie* case of inequitable treatment in order to be heard before the appellate court. To allow these appeals as a matter of right is to encourage an unseemly parade to the appellate courts and to add to the time and expense of administration. We will not resolve any ambiguities in favor of that alternative.

Whether or not the Circuit Court of Appeals erred in modifying the order so as to grant respondents an increased allowance was not raised in the petition for certiorari and hence has not been considered here. *Helis* v. *Ward,* 308 U. S. 365.

*Affirmed.*

---

[7] The fiduciary status of such claimants is expressly recognized in the Chandler Act. Sec. 249 provides in part:

"No compensation or reimbursement shall be allowed to any committee or attorney, or other person acting in the proceedings in a representative or fiduciary capacity, who at any time after assuming to act in such capacity has purchased or sold such claims or stock, or by whom or for whose account such claims or stock have, without the prior consent or subsequent approval of the judge, been otherwise acquired or transferred."

[8] § 243.