**In re VON KOZLOW REALTY CO.**

**McCRORY STORES CORPORATION v. ZEIGER.**

**No. 8428.**

Circuit Court of Appeals, Sixth Circuit.
Jan. 7, 1941.

As Amended on Denial of Rehearing
Feb. 13, 1941.

A. E. Fixel and McLeod, Fixel & Fixel, all of Detroit, Mich. (Ralph E. Routier, of Detroit, Mich., and Samuels & Samuels, of Chicago, Ill., on the brief), for appellants.

Samuel S. Greenberg and Dean Lucking, both of Detroit, Mich. (Samuel S. Greenberg, of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This appeal arises out of an application for trustees', attorneys', architects,' engineers' and real estate brokers' fees and expenses allowed by the master and confirmed by the District Court in connection with corporate reorganization proceedings under § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. The petition for reorganization has now been dismissed because of the impossibility of securing the cooperation of the principal owners of the stock of the debtor corporation. The real estate, which is the only asset of the debtor corporation, has been conveyed to appellee by a decree of the state court in a proceeding in which appelleee foreclosed various mechanics'

liens. Appellants prosecuted no appeal from this decree. The fees which are in question here were allowed as prayed for in the various petitions, but were denied priority over the rights of appellee arising out of the foreclosure decree and conveyance in the state court.

It is not necessary to detail the complex facts of this case, for the order of the District Court must be affirmed upon a procedural ground, appellee having filed a motion to dismiss the appeal because no application was made to this court for leave to appeal, as required by § 250 of the Chandler Act, Title 11, § 650, U. S.C., 11 U.S.C.A. § 650. The petitions for compensation were filed prior to the effective date of the Chandler Act, but the appeal was filed subsequent to the effective date of the Act, and therefore § 250 applies. Dickinson Industrial Site, Inc., v. Cowan, 309 U.S. 382, 60 Sup.Ct. 595, 84 L.Ed. 819.

Section 250 provides: "Appeals may be taken in matters of law or fact from orders making or refusing to make allowances of compensation or reimbursement, and may, in the manner and within the time provided for appeals by this Act [title], be taken to and allowed by the circuit court of appeals independently of other appeals in the proceeding, and shall be summarily heard upon the original papers."

Clearly if the appeal is from an order making or refusing allowances in a reorganization proceeding, under the Chandler Act application must be made to this court for the allowance of the appeal. But appellants urge that the claims for compensation were not opposed, and hence the appeal is not for an allowance, but for a lien, and that § 250 does not apply. This record does not show that the claims were unopposed. The report of the master commissioner recites that written objections were entered to the allowance of any petitions as against the property involved, and that appellee objected to the jurisdiction and to the allowance of the petitions for fees as against him, his rights and his property, either fully or in part.

Apart from this, we think that appellants contend for a strained construction of the statute. Their petitions apply for allowance of compensation. Their claimed lien was prayed for as incident to the allowance requested, and the appeal is from the order granting the compensation and denying the priority. This is an appeal, therefore, from an order specifically described in § 250.

To hold otherwise would deprive the section of its salutary force and defeat its primary purpose, which is the avoidance of frivolous appeals, and appeals for the purpose of delay. As declared in Dickinson Industrial Site, Inc., v. Cowan, supra, 309 U.S. page 389, 60 S.Ct. page 599, 84 L.Ed. 819: "To allow these appeals as a matter of right is to encourage an unseemly parade to the appellate courts and to add to the time and expense of administration. We will not resolve any ambiguities in favor of that alternative." Cf. In re Prudence-Bonds Corp., 2 Cir., 111 F.2d 37; Milbank, Tweed & Hope v. McCue, 4 Cir., 111 F.2d 100.

The appeal is dismissed.

## On Petition for Rehearing.

Appellants urge in the petition for rehearing that the rule laid down in Dickinson Industrial Site, Inc., v. Cowan, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819, has been changed by Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 61 S.Ct. 331, 85 L.Ed. ——, decided by the Supreme Court January 6, 1941. We think that the latter case did not disapprove the Dickinson case in so far as it establishes the proper procedure for taking an appeal in matters of law or fact from orders making or refusing to make allowance of compensation or reimbursement under § 250 of the Chandler Act, 11 U.S.C.A. § 650. While the court reversed the Circuit Court of Appeals for holding that since petitioners did not seek an allowance of their appeals in that court within the time prescribed by § 25, sub. a, 11 U. S.C.A. § 48, sub. a, it had no jurisdiction to allow the appeals, the court reiterated the rule of the Dickinson case [309 U.S. 382, 60 S.Ct. 597, 84 L.Ed. 819], that such appeals "may be had only at the discretion of the Circuit Court of Appeals."

In view of the doubtful merit of appellant's claim, as stated in the original opinion, we think that this case falls within the rule announced by the Supreme Court in the Prudence Securities decision, supra [61 S.Ct. 333, 85 L.Ed. ——], when it stated that "normally the Circuit Court of Appeals would be wholly justified in treating the mere filing of a notice of appeal in the District Court as insufficient."

The petition for rehearing must be denied.