**WARREN et al. v. PALMER et al.**

No. 94.

Circuit Court of Appeals, Second Circuit.

Oct. 8, 1942.

John Noble, Jr., of Boston, Mass., for appellants Warren and others.

J. H. Gardner, Jr., of New Haven, Conn., for appellees Palmer and others.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

These motions raise the question whether attorneys who appeal from an order fixing their allowance under § 77, sub. c(12) of the Bankruptcy Act must obtain the leave of this court, or may appeal as of right. Before the passage of the Chandler Act leave was indeed necessary, but only because § 24, sub. b, as amended in 1926, 44 Stat. 664, 11 U.S.C.A. § 47, sub. b, made discretionary all appeals taken from orders in "proceedings of the several inferior courts of bankruptcy." Shulman v. Wilson-Sheridan Hotel Company, 301 U.S. 172, 57 S.Ct. 680, 81 L.Ed. 986. The Chandler Act amended § 24(a), 11 U.S.C.A. § 47, sub. a—which had theretofore applied only

to "controversies arising in bankruptcy proceedings"—by granting an appeal as of right, in both "proceedings" and "controversies," though it gave a discretionary power to the circuit courts of appeal in all cases when the "order * * * involves less than $500." (Section 24, sub. b, was amended so as merely to provide that the procedure should be the same in all cases as in ordinary appeals.)

There can be no doubt, so far as we can see, that except for § 250 of the Chandler Act, 11 U.S.C.A. § 650, the result would have been to give to attorneys an appeal as of right from any order fixing their allowances in all kinds of reorganizations. There had never been any "policy" to limit appeals from allowances as such; they merely took their place as appeals in "proceedings." In the House discretionary appeals from orders in "proceedings" had been retained, and § 250, which was in its present form, was entirely harmonious. The Supreme Court held in Dickinson Industrial Site, Inc., v. Cowan, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819, that the Senate's retention of the phrase "and allowed by," in § 250 after it had so radically amended § 24 was not an inadvertence, but evidence of an intent to make an exception in the case of orders for allowances in ordinary corporate reorganizations; although it did indeed go on to say that there was no evidence of any purpose to change the old law as to such appeals, and that it was "sound policy to require fiduciaries to make out a prima facie case of inequitable treatment in order to be heard before the appellate court." 309 U.S. page 389, 60 S.Ct. page 599, 84 L.Ed. 819.

It must be owned that at first blush that "policy" seems as apposite to railroad reorganizations as to any others, and so far as policy should override language there is a certain force in the appellees' position here. But even in this aspect there is a difference, for in no case can an attorney in a railroad reorganization receive more than the maximum fixed by the Interstate Commerce Commission under § 77, sub. c (12); so that in practice the only issue which such appeals can raise is whether the district judge was wrong in not awarding the whole or some part of the difference between the "ceiling" fixed by the Commission and the amount which he did award. That gives a much greater protection against abuse than is in Chapter X, 11 U.S.C.A. § 501 et seq., and may have been

888

regarded as a just excuse for allowing an appeal as of right. Be that as it may, we should hardly have thought it permissible to read out of § 250 and into § 77, sub. c(12), those words upon which the Supreme Court mainly rested its decision in Dickinson Industrial Site, Inc., v. Cowan, supra, even though railroad reorganizations were in this regard more closely parallel to other reorganizations than they are. Strictly, we are not indeed faced with a conflict between a patent purpose and its ineffective expression; the situation is of two conflicting purposes, one to abolish the troublesome former distinction between appeals in "proceedings" and "controversies," and the other to limit appeals in orders fixing allowances. We cannot be sure which of these Congress would inevitably have preferred in the case of railroads, and we must be guided by the words used.

The motion for leave to appeal is denied, because an appeal lies as of right.

The motion to dismiss the appeal is denied.