## DAVIS TRANSFORMER CO. v. MANSFIELD et al.

### No. 3982.

Circuit Court of Appeals, First Circuit.

April 7, 1944.

682

Dudley W. Orr, of Concord, N. H., for appellant.

Thomas H. Walsh, of Boston, Mass., pro se, and for Mansfield, trustee, both appellees.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

 This is a petition for allowance of an appeal by the Davis Transformer Company, a creditor, from an order of the District Court entered February 15, 1944, allowing petitions for compensation of the trustee and his counsel in proceedings for the reorganization of the debtor, Trimount Dredging Corporation. The allowance of such an appeal rests in the discretion of the Circuit Court of Appeals. See § 250 of the Bankruptcy Act, as amended by the Chandler Act, 52 Stat. 901, 11 U.S.C.A. § 650, construed by the Supreme Court in Dickinson Industrial Site, Inc., v. Cowan, 1940, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819. As was stated in In re Seville Court Apartment Building Corp., 7 Cir., 1943, 134 F.2d 232, 233, "such appeals should be allowed by the appellate court only where it is clear from the petition that the District Court has based its order on an erroneous conception of the law, or that it has clearly abused its discretion in making the allowance." It appears from an inspection of the original papers that the petitions for allowance of compensation were set down for hearing by the District Court and that though the creditors were duly notified of said hearing, no creditor appeared to object to the allowance of the fees prayed for. The District Court took the matter under advisement and in the order from which appeal is now sought cut down the requested fees by a considerable amount.

The pending petition for allowance of an appeal makes the general allegation that the fees allowed are "excessive", but the only ground stated in support of this allegation is that the plan of reorganization, which had been accepted and confirmed, ultimately failed of consummation due to the fact that the prospective purchaser, whose money would have furnished the means to consummate the plan, withdrew from his engagement. But on the date that the District Court entered its order fixing the compensation fees there was apparently every reason to assume, as the District Court did assume, that the plan of reorganization would be duly consummated. The petition for allowance of the appeal is wholly lacking in any showing that on the facts then before it the District Court abused its discretion in entering the order. Whether the subsequent development, namely, the ultimate failure in the consummation of the plan, would give the creditors a standing to petition the District Court to vacate its order of February 15, 1944, and to reconsider the amounts to be allowed as fees in the light of that unexpected development, is a matter not now before us.

The petition for allowance of appeal is denied.