### In re AMERICAN BANTAM CAR CO.

No. 21881.

United States District Court
W. D. Pennsylvania.

March 7, 1952.

Clarence A. Fry, Pittsburgh, Pa., for Robert C. Sproul.

George Zolotar, and Arthur Goldman, New York City, for Securities & Exchange Commission.

GOURLEY, Chief Judge.

The matter before this Court concerns a petition of Robert C. Sproul, formerly operating Trustee but now resigned, for leave to employ legal counsel of his own selection.

By order entered on April 19, 1950, Robert C. Sproul, Jr., and W. W. Goldsborough were appointed Trustees of American Bantam Car Company, Debtor. On the same day the Court authorized the retention of Frank R. S. Kaplan, Esq., and Elliott W. Finkel, Esq., as counsel for the Trustees.

On or about November 20, 1951, Sproul filed an application for an interim allowance of compensation, and an order was entered setting December 19, 1951 as the date for hearing on his application. Orders were also entered on November 20, 1951, accepting the resignation of Goldsborough as Trustee as of December 1, 1951, and fixing December 19, 1951 as the time for hearing on the final allowance application of Goldsborough and the interim allowance application of Kaplan and Finkel.

In connection with these applications for allowances, the Securities and Exchange Commission, after giving appropriate notice, commenced taking the depositions of the applicants and other persons, and by reason of various developments in the preceedings, the depositions have not yet been completed.

On December 19, 1951, the Court entered an order compelling the allowance applicants to make certain answers and to produce certain documents at the taking of depositions, and continued the hearing on the applications to February 8, 1952. On the same day, the Court refused, without prejudice, a petition by Sproul for leave to retain counsel in connection with his allowance application and the taking of his deposition.

On January 17, 1952, an order was entered accepting the resignation of Kaplan and Finkel as counsel for the Trustees.

On January 23, 1952, Sproul filed a petition for leave to resign as Trustee and also a petition entitled "Petition of Trustee for Leave to Employ Attorneys," more fully described on the next page. On the same day, the Court entered an order, inter alia, requiring Sproul to submit to the taking of his deposition upon the Successor Trustee and his counsel certifying to the Court that, in order for them to proceed expeditiously with the administration of the estate, no further need exists for them to consult extensively with Sproul.

On January 25, 1952, the Court found the office of Trustee vacant and appointed Melvin A. Zurn, Successor Trustee. On the same day, the Court authorized the retention of Harold E. McCamey, Esq., as counsel to the Successor Trustee.

On February 1, 1952, the Court entered an order accepting Sproul's resignation as Trustee, effective as of January 25, 1952. On the same day, the Court also entered an order (a) denying Sproul's resignation petition insofar as it sought an order, inter alia, requiring him as expeditiously as possible to file a final accounting of his operations as Trustee; and (b) reserving jurisdiction over Sproul in respect of his final accounting.

Sproul's petition for leave to employ attorneys recites that he needs counsel in connection with the following specific matters:

(1) The transfer of the business and assets of the estate, subject to the debts incurred by Sproul, as Trustee.

(2) His preparation of a final accounting, and his severance and discharge from the proceeding.

(3) Amending his present application for compensation.

(4) Depositions and court hearings which may be involved in the foregoing matters.

The petitioner no longer performs any official administrative functions in behalf of the estate.

Whereas Sections 157 and 167, sub. 4 of Chapter X of the Bankruptcy Act, 11 U.S.C.A. §§ 557, 567, sub. 4, and General Order 44 in Bankruptcy, 11 U.S.C.A. fol-

lowing § 53, provide authority for the retention of counsel for a trustee. Nowhere in the Act nor in the General Orders can sanction be found for the Court to authorize or approve the appointment of an attorney for a resigned or former trustee.

Petitioner is an accountant of wide knowledge in the administration of such estates, and has served as Trustee in numerous reorganization proceedings before this Court for the past ten to fifteen years. His capabilities in these matters are well recognized in the Western District of Pennsylvania, so that this Court is more than satisfied with Sproul's own capacities to submit a final audit as well as any requisite reports.

Nevertheless, the services of counsel of the Successor Trustee are available and at Sproul's disposal to lend whatever assistance he might reasonably deem necessary to effectuate the transfer.

Harold E. McCamey, Esq., who is counsel for the Successor Trustee, is a man of irreproachable reputation whose abilities and qualifications to assist the resigned Trustee are not disputed.

Only in the event that the resigned Trustee could establish a failure of cooperation on the part of Mr. McCamey to assist him in completing the transfer of the estate, would this Court permit the retention of additional counsel.

Not for a moment does this Court cast doubt on the splendid qualifications of Clarence A. Fry, Esq., of the firm of Kountz, Fry and Meyer, Esqs., to represent the resigned Trustee or any other trustee in a reorganization proceeding. I would be remiss in my appraisal of his abilities, if I did not state that he ranks with the most experienced and conscientious attorneys of the bar of the Western District in the performance of such a trust.

But I cannot sanction the duplicative and unnecessary retention of counsel when such authorization would militate against an economical administration of the Debtor's estate.

It should be noted that the transfer of the assets of the Successor Trustee has already been completed. If it should develop that Sproul's final account is challenged, it would be appropriate for Sproul to select personal counsel of his own choosing and expense, rather than harass the estate with expenses incurred for matters purely personal to the resigned trustee. Mosser v. Darrow, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927; In re Chez Marianne, Inc., D.C., 15 F.Supp. 326; Bailey v. McLellan, 1 Cir., 159 F.2d 1014.

Similarly, it is clear that the preparation of Sproul's allowance application, and its perseverance in litigation, are matters which advance his own personal self-interest and do not fall within the category of services beneficial to the estate. Dickinson Industrial Site, Inc., v. Cowan, 309 U.S. 382, 389, 60 S.Ct. 595, 84 L.Ed. 819.

Petition of Robert C. Sproul, Jr., for leave to employ legal counsel is refused.