278 F.2d 437
 Matter of GENERAL STORES CORPORATION, Debtor.
Appeal of Lewis J. RUSKIN, as Trustee under Collateral
Agreement dated May 19, 1954,
v.
Charles H. GRIFFITHS, Trustee in Reorganization.
 Docket 26083.
 United States Court of Appeals Second Circuit.
 Motion Argued Feb. 8, 1960.
Decided May 10, 1960.
 
 Irving Younger, New York City (Ruskin & Rosenbaum, Chicago, Ill.), for Lewis J. Ruskin, Collateral Trustee.
 Richard V. Bandler, Securities & Exchange Commission, New York City (Thomas G. Meeker, General Counsel, Washington, D.C., and Kiva Berke, New York City), for Securities & Exchange Commission.
 Otterbourg, Steindler, Houston & Rosen, New York City, for debtor.
 Louis J. Weinshenker, New York City, for Richard Goodman.
 Townsend & Lewis, New York City, for Stockholders Protective Committee.
 Netter & Netter, New York City, for Florence Brill, a stockholder.
 Frederick P. Close, White Plains, N.Y. (Martin Drazen, White Plains, N.Y., of counsel), for Trustee in Reorganization, appellee.
 Richard Goodman, pro se.
 Before MOORE, Circuit Judge, and SMITH and HERLANDS, District Judges.
 PER CURIAM.
 
 
 1
 This motion to dismiss the appeal raises the question of whether an appeal lies of right from a determination of allowances in a bankruptcy proceeding under Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. 501 et seq., where the claim arises from contractual provisions for compensation for services contained in a collateral agreement rather than from services to the Estate.
 
 
 2
 The control of the reorganization court extends to all compansation and expenses, even including those not payable out of the Estate (Leiman v. Guttman, 1949, 336 U.S. 1, 69 S.Ct. 371, 93 L.Ed. 453; 11 U.S.C.A. 621(4)). Although appellant's allowances are a result of the terms contained in the collateral agreement (Art. 8, Secs. (1), (2) and (3)), they are nonetheless allowances within the power of the Court to fix in the administration of the reorganization. To review such a determination, leave to appeal is necessary under Sec. 250 of the Act, 11 U.S.C.A. 650 (Dickinson Industrial Site, Inc. v. Cowan, 1940, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819). See also Woods v. City National Bank & Trust Co. of Chicago, 1941, 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820; In re McCrory Stores Corp., 2 Cir., 1937, 91 F.2d 947; Rules of the U.S. Court of Appeals for the Second Circuit (Rule 10(b)), 28 U.S.C.A.
 
 
 3
 After the entry of the order from which appellant now appeals, he filed both a Notice of Appeal and a Petition for Leave to Appeal. The Motion for Leave to Appeal was denied (January 15, 1960). Appellant now claims that he can press the appeal as a matter of right. The law is clear that appellant must obtain leave to appeal from an order fixing allowances. His argument that the determination of the amount of his lien necessitates a consideration of different standards than those presented where ordinary allowances are sought is not sound. The scope of the lien is not a factor in the determination of the reasonable value of the services claimed to be rendered. The collateral agreement creates the right; the court determines the reasonable value.
 
 
 4
 The motion to dismiss the appeal is granted.