### In the Matter of HIGHLAND REALTY, INC., Debtor.
### No. B–11–71.

United States District Court,
D. Puerto Rico.
March 30, 1973.

Edelmio Salas Garcia, Hato Rey, P. R., for Trustee.

Dubón & Dubón, San Juan, P. R., for debtor.

## ORDER

TOLEDO, District Judge.

The Referee herein, acting as special master appointed by this Court in reorganization proceedings under Chapter X of the Bankruptcy Act (hereinafter the Act), comes in two days after a final decree has been issued pursuant to Section 228 of the Act with a request that he be allowed to recover a fee of $10,000 for deposit in the Referee's Salary and Expense Fund.

The bankrupt, Highland Realty, Inc., opposes such a move and in support of its position points out that to permit such recovery would violate the very purpose a final decree is intended to effectuate, as then a prior creditor whose ties with it were supposedly severed by the final decree would, without justification, intrude itself upon what is considered in law to be the bankrupt's new financial life. See Section 228 of the Bankrupcy Act (1971 Ed.), 6A Collier on Bankruptcy, p. 687–689 (1956 Ed.) In short, Highland Realty, Inc., the bankrupt herein, maintains the Referee is time barred.

A final decree is res judicata as to all matters which might have been raised in the proceeding, and which are / not expressly left open. Prudence Realization Corp. v. Ferris, 323 U.S. 650, 65 S.Ct. 539, 89 L.Ed. 528 (1945).

Thus an exception to this general rule is afforded, for example, when the judge reserves jurisdiction in his final decree to alter or modify the plan subject thereof. 6A Collier, p. 703 (1965 Ed.). Furthermore, "the judge where necessary, need not await the action of some party in interest to submit a change; [he] may on his own initiative, procure an alteration or modification of the plan, as for example, to meet some newly arisen condition . . . " 6A Collier on Bankruptcy, p. 659 (1965 Ed.).

If such a reservation of jurisdiction is provided for in the final decree, care must be taken that such an alteration or modification of the plan subject of the final decree does not materially and adversely affect the interests of creditors and stockholders. Section 222 of the Bankruptcy Act (1971 Ed.).

To dispose of this issue, from the outset we find that as Highland Realty, Inc. was able to pay all of its creditors herein involved in this reorganization proceeding no creditor or stockholder would be prejudiced should we decide the Referee is entitled to the $10,000 he has asked for in payment of whatever services he may have rendered here. Continental Ins. Co. v. Louisiana Oil Refining Corp., 5 Cir., 89 F.2d 333.

■ We go, then, to the contents of the final decree to determine whether or not there is included therein the aforementioned reservation of jurisdiction. We find the following language:

"(e) [a] reservation of jurisdiction for any special purpose that this Court may deem necessary, . . ."

In addition, under caption No. 7 of the final decree there is included a directive that all the bankrupt's creditors

"be and they hereby are perpetually enjoined and stayed from pursuing or attempting to pursue or commence any suits . . . against the said debtor . . . *except with respect to claims, rights or interests arising out of the said plan or the orders of this Court.*"

It may be that the preceding language does not cover the payment of Referee's fees as specifically as we would like. Towers Hotel Corp. v. Lafayette Nat. Bank of Brooklyn, 2 Cir., 148 F.2d 145. Nevertheless, the language was intended to provide this Court with a manner in which to handle future unforeseen circumstances which, if not dealt with properly, would substract from the ultimate most equitable result we are under obligation to insure in these bankruptcy proceedings. Securities and Exchange Comm'n v. United States Realty Co., 310 U.S. 434, 456, 60 S.Ct. 1044, 84 L.Ed 1293 (1945).

We do not mean by this that we take the aforementioned language in this final decree to mean that we may render whatever post hoc remedies seem most equitable to us here. The record reveals, however, that the Referee herein was never notified of the trustee's application for a final decree, filed May 31, 1972.

■ Acting as special master appointed by this Court pursuant to Section 117 of the Bankruptcy Act, we are aware of the amount of work the Referee has rendered throughout these bankruptcy proceedings. As Section 241(2) empowers us to allow the master reasonable compensation for services rendered, we feel the Referee herein is, without a doubt, one of those persons who would be materially affected by a final decree, 6A Colliers on Bankruptcy, p. 1005 (1965 Ed.), and who, therefore, should have been notified of its pendency. 7 Colliers on Bankruptcy, p. 1395, Form 2515, Note 2.

The final decree should definitely have contained a provision for payment by the bankrupt of a reasonable fee to the Referee herein. Consistent with the powers of equity this Court has in bankruptcy matters, we hereby amend the final decree to make such a provision.

■ Under Section 241(2) of the Bankruptcy Act, we are empowered to allow the master reasonable compensation for services he has rendered throughout the bankruptcy proceedings. The Referee herein has asked for $10,000 for deposit in the Referee's Salary and Expense Fund. This Court has had the opportunity of viewing first hand the extent of the services rendered by the Referee in this matter. We are in an appropriate position to consider the necessity for such services, the experience and skill required and exercised the responsibilities undertaken and finally, the benefits the Referee's work has lent to the debtor's estate and the security holders generally. Dickinson Industrial Site, Inc. v. Cowan (1940) 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819. Accordingly, we feel that the $10,000 fee asked for by the Referee, given the special circumstances of this case, is a reasonable amount and should be allowed.

It is so ordered.