# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        :    ID No. 1809003269

                        :

v.                       :

                        :

KHILHEIM HANZER,      :

                        :

        Defendant.     :

                        :

Submitted: July 1, 2021
Decided: July 27, 2021

## ORDER

### *Upon Defendant's Motion for Postconviction Relief: DENIED*

On this 27th day of July, 2021, upon consideration of the Defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, **IT APPEARS THAT**:

1. The defendant, Khilheim Hanzer pled guilty to one count of Carrying a Concealed Deadly Weapon, a firearm, 11 *Del. C.* § 1442, and one count of Possession of a Firearm by a Person Prohibited, 11 *Del. C.* §1448. The Court sentenced Mr. Hanzer, consistently with the sentence recommendation in his plea agreement, to three years of incarceration followed by eighteen months of Level III probation.

2. Mr. Hanzer did not appeal his conviction to the Delaware Supreme Court. Instead, he filed a *pro* se motion for modification of sentence which the Court denied.[1] Next, Mr. Hanzer filed the pending motion for postconviction relief pursuant to Superior Court Criminal Rule 61. In largest part, he alleges ineffective

---

[1] *State v. Hanzer*, ID No. 1809003269 (Del. Super. Oct. 24, 2019) (Order).

1

assistance of counsel.

3. The Court then referred the matter to a Superior Court Commissioner pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62. It requested her findings of fact and recommendations. She filed her report on July 1, 2021. In it, she sets forth in detail her reasons for recommending that the Court deny Mr. Hanzer's motion for postconviction relief. After she issued the report, neither party filed written objections within the time frame required by Superior Court Criminal Rule 62(a)(5)(ii).

**NOW, THEREFORE,** after a *de novo* review of the record in this case, and for the reasons stated in the Commissioner's Report and Recommendation dated July 1, 2021;

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation dated July 1, 2021, attached hereto as Exhibit "A," is adopted by the Court in its entirety. Accordingly, Mr. Hanzer's motion for postconviction relief is **DENIED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Resident Judge

JJC/klc
oc:  Prothonotary
cc:  The Honorable Andrea M. Freud
      Lindsay A. Taylor, DAG.
      Alexander W. Funk, Esq.
      Khilheim Hanzer, SCI

2

# EXHIBIT

# A

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | ID. No. 1809003269 |
| | ) | |
| v. | ) | |
| | ) | RK18-09-0334-01 CCDW (F) |
| KHILHEIM HANZER, | ) | LIO PFDCF |
| | ) | RK18-09-0339-01 PFBPP (F) |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Lindsay A. Taylor, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Khilheim Hanzer, *Pro se.*

FREUD, Commissioner
July 1, 2021

The defendant, Khilheim Hanzer ("Hanzer") pled guilty on the day of his trial, July 30, 2019, to one count of Carrying a Concealed Deadly Weapon, as a lesser included offense of Possession of a Firearm During the Commission of a Felony ("PFDCF"), 11 *Del. C.* § 1442 and one count of Possession of a Firearm by a Person Prohibited, 11 *Del. C.* §1448. He was also charged with one count of Possession of a Firearm During the Commission of a Felony, one count of Possession of a Firearm by a Person Prohibited, one count of Possession of Firearm Ammunition by a Person Prohibited, one count of Drug Dealing, one count of Drug Dealing Tier 4, one count of Tier 4 Possession, two counts of Possession of a Deadly Weapon by a Person

1

Prohibited with Drugs, one count of Conspiracy in the Second Degree, and one count of Possession of Drug Paraphernalia. As part of the plea deal the State agreed to enter *nolle prosequis* on the remaining charges and along with the defense recommended a sentence of sixteen years incarceration, suspended after serving three years minimum mandatory, followed by probation. Had Hanzer gone to trial and been found guilty as charged he faced 115 years in jail and consequently the potential for essentially life in prison. The day before Hanzer's trial was scheduled his codefendant pled guilty and agreed to testify against Hanzer at trial and state that the seized weapons were in fact Hanzer's. Additionally, the State had notified Defense Counsel that it intended to admit several social media videos in which Hanzer appears to be in possession of a firearm.[1] Following discussion with his counsel, concerning these facts the morning of trial, Hanzer accepted the plea offer. The Court agreed with the sentence recommendation of the parties and sentenced Hanzer accordingly.

Hanzer did not appeal his conviction to the State Supreme Court Instead, he filed the *pro* se motion for modification of sentence which the Court denied.[2] Next, Hanzer filed the pending motion for postconviction relief pursuant to Superior Court Criminal Rule 61 on March 13, 2020 in which he alleges, in part, ineffective assistance of counsel.

## FACTS

According to the Affidavit of Probable Cause, on September 5, 2018 Dover Police observed Hanzer and his codefendant Kevon M. McKinney ("McKinney") in the back seat of a vehicle along with two other individuals. McKinney was wanted by the police so the vehicle was stopped and the police then noted a strong odor of marijuana coming from the vehicle and observed a large amount of cash and what

---

[1] *State v Hanzer*, Del. Super., ID No. 1809003269 (July 30, 2019,) tr. at 7-8.
[2] *State v. Hanzer*, Del. Super., ID No. 1809003269, Witham, R.J., (Oct. 24, 2019) (Order).

2

appeared to be marijuana in the back seat of the vehicle between McKinney and Hanzer. Additionally a digital scale and a house key were located in the vehicle. The police then obtained a search warrant for McKinney, Hanzer and McKinney's listed address. The search warrant located additional drugs and two firearms, a chrome Kimber model micro 9 Raptor ("Kimber") and a black Keltec model PF9 ("Keltec") along with ammunition. All these items were located in a backpack. McKinney, post-*Miranda*, told police that he had possessed one of the firearms and the firearms and drugs found in the backpack belonged to Hanzer. Additionally, in its response to the motion for postconviction relief the State described the following additional facts: The Dover Police had a video of Hanzer that he had posted on social media showing Hanzer and McKinney in McKinney's apartment. In one video McKinney is shown brandishing a chrome firearm while Hanzer was seen holding a large vacuum-sealed bag of marijuana. A second video Hanzer posted showed a bag of marijuana with the caption "come shop." As noted, the search of McKinney's apartment revealed the backpack containing bags of marijuana and the two firearms. A witness indicated that Hanzer brought the backpack to the apartment. Additionally, as part of his Plea Agreement with the State, McKinney agreed to truthfully testify to what he had previously told the police that Hanzer had brought the backpack to the apartment. Finally, on the morning of trial the State told Hanzer's attorney that they were intending to introduce evidence from the social media accounts posted by Hanzer one of which at the end appeared to show Hanzer in possession of a firearm. As Defense Counsel noted prior to the plea, this evidence along with McKinney's plea the day before had a large influence on Hanzer's decision to plead guilty to Count 4 of the Indictment, Carrying a Concealed Deadly Weapon (the Kimber) as a lesser included offense of Possession of a Firearm During the Commission of a Felony and Count 7, Possession of the Keltec by a person

3

prohibited. The Court explicitly named the Keltec as the weapon "possessed" in Count 7 and Hanzer immediately thereafter stated he was guilty of that charge.[3]

## HANZER'S CONTENTIONS

In his Motion for Postconviction Relief Hanzer raises the following grounds for relief:

| | |
|---|---|
| Ground one: | Ineffective Assistance of Counsel. Hanzer alleges his counsel coerced him into pleading guilty. |
| Ground two". | Ineffective Assistance of Counsel. Hanzer claims his counsel told him he was pleading guilty to possession of a different firearm then that to which his codefendant pled to. Hanzer's co-defendant pled guilty to possession of the Kel-Tec (sic). |
| Ground four: | Ineffective Assistance of Counsel. Hanzer alleges his attorney failed to investigate the facts and law of the case. |

## DISCUSSION

Under Delaware law, the Court must first determine whether Hanzer has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[4] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[5] Hanzer's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Hanzer's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any

---

[3] *State v. Hanzer*, Del. Super. ID No. 1809003269 (July 30, 2019), tr. at 16-18.
[4] *Bailey v. State*, 588 A.2d 1121, 1127 (Del.1991).
[5] Super. Ct. Crim. R. 61(i)(1).

4

claim not previously asserted in a postconviction motion, does not apply either.

None of Hanzer's claims were raised previously at his plea, sentencing or on direct appeal. Consequently they are barred under Superior Court Criminal Rule 61(i)(3) unless he demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights.[6] The bars to relief are inapplicable to a jurisdictional challenge or "to a claim that satisfies the pleading requirements of subparagraph (2)(i) or (2)(ii) of subdivision (d) of this rule.[7] To meet the requirements of Rule 61(d)(2) a defendant must plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted[8] or that he pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States or Delaware Supreme courts, applies to the defendant's case rendering the conviction invalid.[9] Hanzer's motion pleads neither requirement of Rule 61(d)(2).

Each of Hanzer's grounds for relief are premised on allegations of ineffective assistance of counsel. Therefore Hanzer has alleged sufficient cause for not having asserted these grounds for relief at trial and on direct appeal.[10] Hanzer's ineffective assistance of counsel claims are not subject to the procedural default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Hanzer, allege ineffective assistance of counsel in order to overcome the procedural default. "However, this path creates confusion if the defendant does not understand that the

---

[6] Super. Ct. Crim. R. 61(i)(3).
[7] Super. Ct. Crim. R. 61(i)(5).
[8] Super. Ct. Crim. R. 61(d)(2)(i).
[9] Super. Ct. Crim. R. 61(d)(2)(ii).
[10] The State argues given the nature of Hanzer's allegations he could have raised these claims at his Plea Colloquy, which to some extent is correct. Nonetheless, I will proceed to review Hanzer's claims.

test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards."[11] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance;' [i]neffective assistance of counsel then is cause for a procedural default.[12]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two-part analysis enunciated in *Strickland v. Washington*[13] and adopted by the Delaware Supreme Court in *Albury v. State*.[14]

In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[15] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[16] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice

---

[11] *State v. Gattis*, 1995 WL 790961 (Del. Super.).
[12] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).
[13] 466 U.S. 668 (1984).
[14] 551 A.2d 53, 58 (Del. 1988).
[15] *Strickland*, 466 U.S. at 687.
[16] *Somerville v. State*, 703 A.2d 629, 631(Del. 1997) (citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988)) (citations omitted).

6

and substantiate them or risk summary dismissal.[17] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[18] This standard is highly demanding.[19] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[20]

Following a complete review of the record in this matter, it is abundantly clear that Hanzer has failed to allege any facts sufficient to substantiate his claims that his attorney was ineffective. I find trial counsel's affidavit, in conjunction with the record, more credible than Hanzer's self-serving claims that his counsel's representation was ineffective. Hanzer's counsel clearly denies the allegations.[21]

Hanzer was facing the possibility of 115 years in jail, which would have essentially amounted to life in prison had he been convicted on all counts. The sentence and plea were very reasonable under all the circumstances, especially in light of his codefendant's potential testimony, physical and video evidence against him. Prior to the entry of the plea, Hanzer and his attorney discussed the case and the plea. The plea bargain was clearly advantageous to Hanzer. Counsel was successful in negotiating an extremely beneficial plea bargain with the State. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Hanzer entered his plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear and

---

[17] *See e.g.*, *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[18] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

[19] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[20] *Strickland*, 466 U.S. at 689.

[21] Counsel does admit that he believed Hanzer was pleading to Possession of the Kimber in Count 7. However, the judge on the record clearly stated Count 7 involved the Keltec so Hanzer was aware of what he was pleading to.

7

convincing evidence to the contrary.[22] Consequently, Hanzer has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Hanzer was somehow deficient, Hanzer must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[23] In an attempt to show prejudice, Hanzer simply asserts that his counsel was ineffective by failing to adequately investigate the case and for allegedly coercing him into pleading and his misinforming him about which gun he was pleading to possessing. Hanzer's Trial Counsel clearly denied coercing him or being unprepared. My review of the facts of the case leads me to conclude that counsel's representation of Hanzer was well within the requirements of the Sixth Amendment and no prejudice has been demonstrated. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Hanzer's grounds for relief are meritless.

To the extent that Hanzer alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[24] At the guilty-plea hearing, the Court asked Hanzer whether he understood the nature of the charges, the consequences of his pleading, and whether he was voluntarily entering the plea. The Court asked Hanzer if he possessed the Keltec firearm. The Court asked Hanzer if he understood he would waive his constitutional rights if he entered

---

[22] *Mapp v. State*, 1994 WL 91264, at *2 (Del. Supr.) (citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[23] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.) (citing *Younger v. State*, 580 A.2d 552, 556 (Del. 1990)).

[24] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

8

the plea including the right to suppress evidence; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Hanzer if he had discussed his plea and its consequences fully with his attorney. The Court asked Hanzer if he had discussed the plea and its consequences fully with his attorney. The Court also asked Hanzer if he was satisfied with this counsel's representation. Hanzer answered each of these questions affirmatively.[25] I find counsel's representations far more credible than Hanzer's self-serving, vague allegations.

Furthermore, prior to entering his plea, Hanzer signed a Guilty Plea Form and Plea Agreement in his own handwriting. Hanzer's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Hanzer is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[26] I confidently find that Hanzer entered his plea knowingly and voluntarily and that Hanzer's grounds for relief are completely meritless.

---

[25] *State v. Hanzer*, Del. Super., I.D. No. 1809003269 (July 30, 2019) Tr. at 8-23.
[26] *Sommerville v. State*, 703 A.2d 629, 632 (Del. 1997).

9

## CONCLUSION

I find that Hanzer's counsel represented him in a competent and effective manner as required by the standards set in *Strickland* and that Hanzer has failed to demonstrate any prejudice stemming from the representation. I also find that Hanzer's guilty plea was entered knowingly and voluntarily. I recommend that the Court *deny* Hanzer's motion for postconviction relief as procedurally barred and meritless.

_____
Commissioner Andrea M. Freud

AMF/dsc
oc:    Prothonotary
cc:    Hon. Jeffrey J Clark
         Lindsay A. Taylor, Esq.
         Alexander W. Funk, Esq.
         Khilheim Hanzer, SCI

10